STATE of Wisconsin, Plaintiff-Respondent,

v.

Michael F. HOWARD, Defendant-Appellant.

Court of Appeals

*No. 00–2046. Submitted on briefs March 13, 2001.—Decided May 15, 2001.*

2001 WI App 137

(Also reported in 630 N.W.2d 244.)

480

 

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael F. Howard*.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle*, attorney general, and *Stephen W. Kleinmaier*, assistant attorney general.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. CANE, C.J. Michael Howard appeals pro se from an order denying his WIS. STAT. § 974.06 motion for postconviction relief.[1] Howard argues that: (1) the State breached the plea agreement when the prosecutor recommended consecutive rather than concurrent sentences; and (2) Howard was denied the effective assistance of trial counsel when counsel failed to object to the State's breach. We conclude that the State breached the plea agreement, and that if Howard can establish that his counsel performed deficiently, we can presume he was prejudiced by that deficiency. Accordingly, we reverse and remand so that the trial court can conduct a *Machner* hearing and determine

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

whether Howard's counsel performed deficiently.[2] If the trial court concludes counsel was deficient, the court should exercise its discretion and select the appropriate remedy for the State's breach.

## BACKGROUND

¶ 2. In an information filed in August 1998, Howard was charged with two counts of second-degree sexual assault of a child in violation of WIS. STAT. § 948.02(2). In a second information filed in September 1998, Howard was charged with four counts of being party to the crime of first-degree recklessly endangering safety while possessing a dangerous weapon in violation of WIS. STAT. §§ 941.30(1) and 939.63(1)(a).

¶ 3. The State and Howard reached a plea agreement pursuant to which the two cases were consolidated for the purpose of entering no contest pleas to five felony counts and sentencing. According to a December 1998 letter to Howard from his attorney, the terms of the agreement pertinent to this appeal included the following:

1. Case No. 98–CF–749:

 a. Plead to all four (4) counts of PTAC-First Degree Recklessly Endangering Safety–Felony with weapons enhancers;

2. Case No. 98–CF–720:

 a. Plead to one (1) count of Second Degree Sexual Assault–Felony;

---

[2] *See State v. Machner,* 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

b. Dismiss one (1) count of Second Degree Sexual Assault–Felony;

c. State will recommend "concurrent" time on this case.

3. State will agree to recommend no more than 25 years prison, but will wait to make a specific sentencing recommendation until after the PSI is completed.

¶ 4. Counsel for Howard and the State both restated this agreement at the plea hearing. Howard's attorney stated: "And I understand pursuant to the plea agreement that the State would recommend concurrent time on the files and that the State would agree to recommend no more than 25 years' prison with regards to both files, and the defense would be free to argue for an appropriate sentence."

¶ 5. The State confirmed: "[T]he agreement is for him to plead to all counts with the penalty enhancers in 98–CF–749, and that he'll be pleading to one count in 98–CF–720, and we'll dismiss and read in the second count. And the cap will be at 25 years, and that would be concurrent—total of 25 years."

¶ 6. The trial court accepted Howard's no contest pleas to the five charges and found him guilty. The court ordered a pre-sentence investigation and scheduled a sentencing hearing several months later. Howard subsequently changed attorneys, so he had new counsel at the sentencing hearing.

¶ 7. At the May 1999 sentencing hearing, the prosecutor stated his recommendation:

> [T]he State is going to recommend that on each of the five counts before the Court this morning that the Court impose a five-year prison sentence on each of those five counts to be served consecutively

484

to each other, for a total penalty of 25 years in prison.

Howard's counsel did not object to this recommendation, despite the fact that the State had recommended that the one count of sexual assault be served consecutively to the four counts of recklessly endangering safety.

¶ 8. Howard's counsel recommended that Howard receive four years consecutive prison time on two counts of recklessly endangering safety, "and then run a period of probation with some hefty imposed but stayed time consecutive to that prison time" on the three remaining counts.

¶ 9. The trial court sentenced Howard to six years in prison on each of the recklessly endangering safety counts and ordered that the four terms be served consecutively. With respect to the sexual assault conviction, the court sentenced Howard to fifteen years in prison, stayed the sentence, and placed Howard on probation for ten years, all consecutive to the four consecutive six-year prison terms.

¶ 10. Howard initiated but did not pursue a direct appeal of his conviction.[3] However, in May 2000, he filed a WIS. STAT. § 974.06 postconviction motion alleging ineffective assistance of counsel. He requested a *Machner* hearing so that his attorney could explain why she did not object when the prosecutor allegedly breached the plea agreement by recommending that the one count of sexual assault be served consecutively to the four counts of recklessly endangering safety.

---

[3] Although Howard did not pursue his direct appeal, the State does not contest Howard's right to use a WIS. STAT. § 974.06 motion to seek plea withdrawal based on ineffective assistance of counsel and breach of the plea agreement.

Howard indicated that if he established ineffective assistance of counsel, he would seek to withdraw his no contest pleas because the State had violated the plea agreement.

¶ 11. Without holding a *Machner* hearing, the trial court denied Howard's motion. The court concluded that even if Howard's counsel's decision to withhold objection constituted deficient performance rather than strategy, Howard had not been prejudiced by the deficiency, for several reasons. First, the State still recommended no more than twenty-five years total, as per the plea agreement. Second, Howard's counsel recommended a sentence including prison terms on two counts of recklessly endangering safety and a period of probation with a prison term stayed for the other three counts, including the sexual assault, that would run consecutive to the first two sentences. Third, the sentence imposed was consistent with the cap on the plea agreement.[4] The court concluded:

> Thus, the total number of years Howard has been sentenced to serve does not exceed the maximum set forth in the plea agreement. Moreover, Howard's sentence is consistent with the result anticipated by the parties had the plea agreement not been slightly altered. Therefore, Howard has failed to establish that his counsel's performance prejudiced his defense.

This appeal followed.

---

[4] The court implied that the 15 years imposed and stayed did not count toward the 25-year cap in the plea agreement, because Howard received 24 years in prison for the first four counts, nearly exhausting the 25-year cap.

## DISCUSSION

■■■

¶ 12. When Howard failed to object to the State's alleged breach of the plea agreement at the sentencing hearing, he waived his right to directly challenge the alleged breach of the plea. *See Grant v. State*, 73 Wis. 2d 441, 447, 243 N.W.2d 186 (1976). Therefore, this case comes to us in the context of an ineffective assistance of counsel claim. We first consider whether the State breached the plea agreement. If there was a material and substantial breach, the next issues are whether Howard's counsel provided ineffective assistance and which remedy is appropriate.

## I. Whether breach of the plea agreement is technical, or material and substantial

■■■

¶ 13. A criminal defendant has a constitutional right to the enforcement of a negotiated plea agreement. *State v. Smith*, 207 Wis. 2d 258, 271, 558 N.W.2d 379 (1997). Due process concerns arise in the process of enforcing a plea agreement. *Id.* Although a defendant has no right to call upon the prosecution to perform while the agreement is wholly executory, once the defendant has given up his "bargaining chip" by pleading guilty, due process requires that the defendant's expectations be fulfilled. *Id.*; *see also Santobello v. New York*, 404 U.S. 257, 262 (1971) ("[W]hen a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.").

¶ 14. When examining a defendant's allegation that the State breached a plea agreement, such as by making a different recommendation at sentencing, it is irrelevant whether the trial court was influenced by the State's alleged breach or chose to ignore the State's recommendation. *See United States v. Clark*, 55 F.3d 9, 13 (1st Cir. 1995) (A prosecutorial failure to fulfill a promise is not rendered harmless because of judicial refusal to follow the recommendation or judicial awareness of the impropriety.). Thus, the focus of the trial court's analysis for postconviction motions, and for this court on appeal, is whether the State breached the agreement and, if so, whether the breach was material and substantial, rather than whether the trial court was influenced by the breach.

¶ 15. Not all breaches of a plea agreement require a remedy. *See State v. Bangert*, 131 Wis. 2d 246, 289, 389 N.W.2d 12 (1986). A defendant is not entitled to relief when the breach is merely a technical one rather than a substantial and material breach of the agreement. *See id.* at 289–90. A breach must deprive the defendant of a material and substantial benefit for which he or she bargained. *Smith*, 207 Wis. 2d at 272. When the facts are undisputed, the question whether the prosecutor's conduct breached the terms of the plea agreement is a question of law that we review de novo. *Id.* at 266.

¶ 16. Here, the terms of the plea agreement were clear. Howard agreed to plead no contest to four counts of recklessly endangering safety and one count of sexual assault. The State agreed to recommend no more than twenty-five years prison and concurrent time on the sexual assault case. The parties agree that the

prosecutor violated the plea agreement when he recommended that the sexual assault sentence be served consecutively to the other sentences, instead of concurrently with them.[5] At issue is whether this violation was "technical" or "substantial and material."

¶ 17. The State argues that because the prosecutor's recommendation for a total sentence of twenty-five years for the five convictions complied with the plea agreement that the prosecutor recommend no more than twenty-five years in prison for all the counts, the recommendation that the sexual assault sentence be consecutive rather than concurrent constituted only a technical violation of the agreement. We disagree.

¶ 18. Undoubtedly, one of the most crucial issues in a plea agreement is the recommendation concerning the length of time to be served on each count. However, whether sentences are to be concurrent or consecutive is also extremely important. The designation of concurrent or consecutive time can affect the actual amount of time served, the application of pre-sentence credit, parole eligibility dates, the date a defendant is allowed access to rehabilitative services, and other factors.[6] *See, e.g., State v. Tuescher*, 226 Wis. 2d 465, 469, 595 N.W.2d 443 (Ct. App. 1999) (If the sentences are concurrent, time spent in pre-sentence custody is credited

---

[5] Neither party disputes the State's right to recommend that the four sentences for recklessly endangering safety run consecutively to one another.

[6] It may be that a defendant will never realize the potential advantages that can inure to one serving a concurrent as opposed to a consecutive sentence. Bargaining for a recommendation of concurrent sentences is nonetheless important because a concurrent sentence puts the defendant in a position to realize those advantages.

toward each sentence, but if the sentences are consecutive, time in pre-sentence custody is credited toward only one sentence.). A recommendation of concurrent sentences can also send a signal to the trial court that the agreement contemplates a lesser sentence than one where consecutive sentences are recommended.

¶ 19. Thus, there are a variety of important reasons why a defendant may choose to negotiate for a promise to recommend concurrent time. We conclude that where a plea agreement undisputedly indicates that a recommendation is to be for concurrent sentences, an undisputed recommendation of consecutive sentences that is not corrected at the sentencing hearing constitutes a material and substantial breach of the plea agreement as a matter of law.[7]

¶ 20. It is undisputed that contrary to the plea agreement, the prosecutor recommended that the sexual assault sentence be served consecutively to the other sentences. We conclude that the State significantly and materially breached the plea agreement. That the breach of the agreement may have been inadvertent does not lessen its impact; the defendant is still entitled to a remedy for the breach. *See Santobello*, 404 U.S. at 262.

---

[7] In *State v. Knox*, 213 Wis. 2d 318, 322–23, 570 N.W.2d 599 (Ct. App. 1997), we concluded that where the prosecutor misstated the plea agreement, the defendant promptly objected, and the prosecutor quickly acknowledged and corrected the misstatement, the breach was not substantial. *Knox* is distinguishable from this case because here the prosecutor did not correct his misstatement.

## II. Ineffective assistance of counsel

¶ 21. It is undisputed that Howard did not object to the State's breach of the plea agreement at the sentencing hearing, thereby waiving his right to directly challenge the breach of the plea. *See Grant*, 73 Wis. 2d at 447. Therefore, he is entitled to a remedy for the State's substantial and material breach only if he was provided ineffective assistance of counsel. The failure of Howard's counsel to timely object to the prosecutor's breach is the basis for the ineffective assistance claim here.

¶ 22. The right to effective assistance of counsel derives from the Sixth Amendment to the United States Constitution and art. I, § 7, of the Wisconsin Constitution. Both provisions grant the right to a fair trial, including the assistance of counsel in criminal cases. *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). There are two components to a claim of ineffective assistance of counsel: a demonstration that counsel's performance was deficient, and a demonstration that such deficient performance prejudiced the defendant. *Id.* at 687. The defendant has the burden of proof on both components. *Id.* at 688. A court need not address both components of this inquiry if the defendant does not make a sufficient showing on one. *See id.* at 687.

¶ 23. A trial court's ineffective assistance of counsel analysis involves mixed questions of law and fact. *State v. Scott*, 230 Wis. 2d 643, 656, 602 N.W.2d 296 (Ct. App. 1999). The trial court's factual findings will not be reversed unless they are clearly erroneous; however, issues bearing on whether trial counsel's con-

duct was deficient and prejudicial are questions of law that this court reviews de novo. *Id.* at 657.

¶ 24. The trial court in this case chose to address the prejudice prong of the two-part *Strickland* analysis first. The court concluded that Howard had not been prejudiced, and accordingly did not consider the deficiency prong. Like the trial court, we will begin our analysis with the prejudice prong.

## A. Prejudice to defendant

¶ 25. In certain instances, prejudice is presumed if deficient performance is proven. *See Smith*, 207 Wis. 2d at 278. In *Smith*, our supreme court concluded that when a prosecutor materially and substantially breaches a plea agreement, the breach of the State's agreement always results in prejudice to the defendant. *Id.* at 281. The court explained:

> The breach of a material and substantial term of a plea agreement by the prosecutor deprives the defendant of a sentencing proceeding whose result is fair and reliable. Our conclusion precludes any need to consider what the sentencing judge would have done if the defense counsel had objected to the breach by the district attorney. Rather, our conclusion is premised on the rule of Santobello, that when a negotiated plea rests in any significant degree on a promise or agreement of the prosecutor, such promise must be fulfilled.

*Id.*

¶ 26. The State does not contest *Smith*'s holding, acknowledging in its brief: "Where the attorney is guilty of deficient performance in failing to object to a substantial and material breach of the plea agreement,

the defense is automatically prejudiced." *See id.* at 281–82. Accordingly, if Howard is able to establish that counsel's performance was deficient, prejudice will be presumed. *See id.*

## B. Deficient performance

¶ 27. To prove deficient performance, the defendant must establish that his or her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 273. The defendant must overcome a strong presumption that his or her counsel acted reasonably within professional norms. *Id.*

¶ 28. In *Smith*, the court concluded that counsel provided deficient performance by failing to object when the State violated the plea agreement, in part because the State conceded that counsel had acted deficiently. *See id.* at 274–75. However, the court noted:

> In light of the State's concession of deficient performance as well as our own conclusion on deficient performance, no *Machner* hearing is necessary given the facts of this case. . . . In *Machner*, the court ruled that in order to determine on appeal whether the attorney's action was the result of deliberate trial strategy or incompetence, trial counsel's testimony as to his or her reasoning must be preserved at a hearing.

*Id.* at 275 n.11. The court also recognized:

> There may be some circumstances in which the State argues that defense counsel's failure to object to a recommendation that causes a material and substantial breach of the plea agreement was a strategic decision by the defense counsel. In such

cases, postconviction counsel would have to meet his or her burden at a *Machner* hearing.

*Id.* at 281 n.13.

¶ 29. Unlike *Smith*, the State in this case has not conceded that counsel acted deficiently. Instead, the State suggests that Howard's counsel may have made the strategic decision to not object. The trial court, having concluded that Howard was not prejudiced even if counsel had acted deficiently, did not conduct a *Machner* hearing. We have concluded prejudice can be presumed if Howard establishes deficient performance. Accordingly, a *Machner* hearing is necessary so that Howard's counsel can explain whether her failure to object was based on strategy. Because the trial court denied Howard's request for a *Machner* hearing, we reverse and remand for a *Machner* hearing on the issue of counsel's alleged deficient performance.

## III. Remedies for State's breach of plea agreement

¶ 30. On remand, the trial court will determine whether Howard's counsel acted deficiently. We have already concluded that the State materially and substantially breached its plea agreement and that counsel's performance, if deficient, was prejudicial. Accordingly, if the trial court determines that Howard's counsel acted deficiently, it will need to consider the appropriate remedy.

¶ 31. In *Santobello*, the United States Supreme Court considered the appropriate relief where the State breached a plea agreement. *See id.* at 262–63. The court concluded:

[W]e conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration. The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty.

*Id.*

¶ 32. In the thirty years since *Santobello*, numerous courts have resolved plea breaches by the State by selecting the appropriate remedy, given the circumstances of the individual case. For example, in *Clark*, the court observed:

> In *Santobello*, the Supreme Court indicated that there are two ways to remedy the government's breach of a plea agreement: giving the defendant "the opportunity to withdraw his plea of guilty," or "specific performance of the agreement." . . . In unusual circumstances, we have also crafted other remedies. *See Correale* [*v. United States*], 479 F.2d [944,] 950 [(1st Cir. 1973)] (using equitable powers to remand with instructions to impose a specific sentence because such sentence was the "only just remedy and the only one which could now approximate specific enforcement of the agreement").

*Id.* at 14. The court stated that the choice of remedy is normally left to the discretion of the sentencing court, but recognized that there is a preference for specific

performance of the agreement by resentencing by a different judge rather than vacating pleas. *See id.* Accordingly, the court held that if the defendant is successful on appeal and seeks only specific performance by resentencing, then the appellate court can simply order resentencing by a different judge. *See id.*

¶ 33. Sentencing courts considering remedies for the State's breach of the plea agreement consider "the egregious or minimal nature of the breach, whether much time has passed which would make a vacated plea and a new trial an onerous burden on the parties, and whether the defendant served any or all of the time on the sentence." *See* Jay M. Zittner, *Choice of Remedies Where Federal Prosecutor Has Breached Plea Bargain—Post-Santobello v. New York*, 120 A.L.R. FED 501, 501 (1994). The Eighth Circuit Court of Appeals explained: "[A] trial court must examine the equities of the particular case, considering the prejudice to the defendant, conduct of the government, and the public interest. . . . The most important factor in this decision is prejudice to the defendant." *United States v. McGovern*, 822 F.2d 739, 746 (8th Cir. 1987).

¶ 34. Our supreme court has not specifically addressed whether the trial court has discretion to select the appropriate remedy and the factors that should be considered. In *Bangert*, the court's language suggested that where a substantial and material breach occurred, the defendant's request to withdraw the plea should be permitted. The court stated:

> A breach of a plea agreement does not give rise to a *per se* right to withdraw a plea. A material and substantial breach, however, amounts to a manifest injustice and would result in the vacating of the

plea agreement and the withdrawal of the plea of no contest.

*Id.* at 289. However, the court concluded that there had been no material and significant breach of the plea agreement, and therefore did not apply a remedy. *Id.* at 289–90.

¶ 35. In *Smith*, the defendant sought only to be resentenced. Accordingly, after concluding that Smith was entitled to a remedy for the State's breach, the court granted his request for a new sentencing hearing conducted in accordance with the terms of the plea agreement. *See id.* at 282.

¶ 36. Our reading of *Bangert* and *Smith* leads us to conclude that the remedies and procedures outlined in *Santobello* are consistent with Wisconsin law. Specifically, the sentencing court has discretion to determine the appropriate remedy for a breach. *See Kingsley v. United States*, 968 F.2d 109, 113 (1st Cir. 1992). If the trial court determines that resentencing is appropriate, the court should order resentencing by a different judge.[8] *See Santobello*, 404 U.S. at 262–63.

---

[8] Wisconsin's previous cases on plea agreement breaches by the prosecution have not explicitly stated that resentencing should take place before a different judge. As a practical matter, defendants who were successful on appeal have had the option of seeking a substitution of judge for resentencing pursuant to WIS. STAT. § 971.20(7). However, *Santobello v. New York*, 404 U.S. 257, 263 (1971), clearly states that resentencing should take place before a different judge. Accordingly, whether it is the trial court or the appellate court that determines resentencing is appropriate, the court should order resentencing before a different judge.

¶ 37. The choice of remedy is not up to the defendant; it rests with the court. *See Kingsley*, 968 F.2d at 113. However, if the defendant seeks only specific performance by resentencing, then the court can simply order resentencing by a different judge.[9] *See United States v. Kurkculer*, 918 F.2d 295, 302 (1st Cir. 1990).[10] When selecting a remedy, sentencing courts should bear in mind that specific performance, the less extreme remedy, is preferred. *See Kingsley*, 968 F.2d at 113.

## CONCLUSION

¶ 38. We conclude that the State materially and substantially breached the plea agreement when it recommended that Howard's sentence for sexual assault be served consecutive to rather than concurrent with his other sentences. We also conclude that if Howard can establish that his counsel performed deficiently, we can presume he was prejudiced by that deficiency.

---

[9] In the event it is the appellate court that first concludes a remedy is necessary, the appellate court can choose to simply order resentencing by a different judge as opposed to remanding to the sentencing judge for a full consideration of possible remedies. *See United States v. Clark*, 55 F.3d 9, 14–15 (1st Cir. 1995).

[10] The *Kurkculer* court, considering a remedy for the State's breach, discussed whether it could, over the defendant's objection, vacate his guilty plea. The court concluded:

> Specific performance . . . is a lesser burden on the government and defendant. Further, permitting a judge to vacate a plea over defendant's objection on breach by the prosecution allows the government to back out of its agreement at will and obtain a new trial. Given nothing more than the prosecutor's breach, the circumstances do not "require" a new trial.

*United States v. Kurkculer*, 918 F.2d 295, 302 (1st Cir. 1990).

Accordingly, we reverse and remand so that the trial court can conduct a *Machner* hearing and determine whether Howard's counsel performed deficiently. If the trial court concludes counsel was deficient, the court should exercise its discretion and select the appropriate remedy for the State's breach.[11]

*By the Court.*—Order reversed and cause remanded with directions.

¶ 39. PETERSON, J. *(dissenting).* The plea bargain in this case called for a sentencing recommendation by the State of no more than twenty-five years. The State recommended twenty-five years. The recommendation on one of the five felonies was to have been for time concurrent to the other four felonies. The State, however, recommended consecutive time. Even though the State recommended no more actual time than agreed, the majority concludes the State breached the agreement solely because it recommended consecutive rather than concurrent time on the one felony. I respectfully disagree.

---

[11] We note for the benefit of Howard, who is proceeding pro se, that defendants should carefully consider the remedies they seek, preferably with the advice of counsel. A defendant who successfully withdraws his or her pleas no longer has the benefit of any concessions or dismissals initiated by the State pursuant to the plea bargain. In the event a defendant is granted resentencing before a different judge, there is no guarantee the sentence will be more favorable. In *Clark*, the court vacated Clark's 188-month sentence and granted his motion for resentencing after concluding that the State had breached the plea agreement. *See id.*, 55 F.3d 9. A second judge sentenced Clark to 223 months in prison, and this sentence was affirmed on appeal. *See United States v. Clark*, 84 F.3d 506 (1st Cir. 1996).

¶ 40. As the majority correctly recognizes, Howard is not entitled to relief unless the breach of the plea agreement was material and substantial. *See State v. Bangert*, 131 Wis. 2d 246, 289, 389 N.W.2d 12 (1986). This requires that Howard was deprived of a material and substantial benefit for which he bargained. *See State v. Smith*, 207 Wis. 2d 258, 272, 558 N.W.2d 379 (1997).

¶ 41. The majority then states that the designation of concurrent or consecutive time "can" affect the actual amount of time served, the application of pre-sentence credit, parole eligibility dates, the date a defendant is allowed access to rehabilitative services, and other factors. It observes that there are a wide variety of reasons why a defendant may choose to negotiate for a promise to recommend concurrent time.

¶ 42. I agree with the opinion up to this point. However, the majority then jumps to the conclusion that the failure to recommend the concurrent time on the one felony sentence amounts to a material and substantial breach, apparently as a matter of law.

¶ 43. I cannot go that far. There is nothing in this record to establish that a recommendation for concurrent time was a material and substantial benefit to Howard. There is nothing to show, for example, that Howard believed such a recommendation would actually affect the amount of time served, the application of pre-sentence credit, the determination of his parole eligibility date, or the date he was allowed access to rehabilitative services. In short, there is nothing to show that Howard relied, in any degree, on the concurrent promise. Without this proof, we cannot say, in the words of *Santobello*, that Howard's plea rested "in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the

inducement or consideration . . . ." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

¶ 44. For me the bottom line is that Howard received the essence of what he bargained for: a recommendation of twenty-five years maximum. Without proof that he relied in some important way on the concurrent part of the agreement, I view the State's breach as technical, not material and substantial. I would affirm.