# COURT OF APPEALS
## DECISION
## DATED AND FILED

## March 30, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.   **2019AP1662-CR**
**2019AP1663-CR**
STATE OF WISCONSIN

Cir. Ct. Nos. 2016CF743
2016CF4483

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN JOSEPH CASPER,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County: JANET C. PROTASIEWICZ, Judge. *Order affirmed in part; reversed in part and cause remanded with directions*.

Before Brash, P.J., Dugan and White, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  In these consolidated appeals, John Joseph Casper appeals his convictions for three drug-related felonies and the denial of his postconviction motion for resentencing.  Casper argues that he is entitled to resentencing because at the sentencing hearing:  (1) the State breached the plea agreement and trial counsel failed to object; and (2) the trial court considered certain electronic court records without giving Casper "a meaningful opportunity to respond" and without making them part of the record.  We reject Casper's first argument, but we agree that he is entitled to resentencing because he did not have an adequate opportunity to review or rebut electronic case information that the trial court relied on at sentencing.  Therefore, with respect to the order denying the motion for resentencing, we affirm in part, reverse in part, and remand for resentencing.[1]

## BACKGROUND

¶2     Pursuant to a plea agreement with the State, Casper pled guilty to three felonies:  (1) delivering cocaine (15-40 grams), as a party to a crime; (2) delivering heroin (3-10 grams), as a party to a crime; and (3) possession with intent to deliver heroin (3-10 grams), as a second or subsequent offense.  *See* WIS. STAT. §§ 961.41(1)(cm)3., 961.41(1)(d)2., 939.05, 961.41(1m)(d)2., 961.48(1)(b) (2015-16).[2]  Two other charges were dismissed and read in.  The State agreed to recommend a global sentence of ten years of initial confinement and ten years of extended supervision, consecutive to Casper's seven-year revocation sentence for

_____

[1] While the appellant appeals from judgments and an order, we address only the order for the reasons set forth in the opinion.

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

a prior case. A presentence investigation report was not ordered, but the State provided information about Casper's criminal history at the sentencing hearing.

¶3      The trial court imposed three consecutive sentences of five years of initial confinement and five years of extended supervision, and it ordered that those sentences be served consecutive to Casper's revocation sentence. Casper filed a postconviction motion seeking resentencing on two separate grounds. The trial court denied the motion without a hearing, for reasons discussed below. These appeals follow.

## DISCUSSION

### I. Ineffective assistance of trial counsel.

¶4      The first basis upon which Casper sought resentencing was ineffective assistance of trial counsel. Specifically, he asserted that the State's comments at the sentencing hearing breached the plea agreement and that his trial counsel provided ineffective assistance by failing to object. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (holding that to demonstrate ineffective assistance, the defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense).

¶5      On appeal, Casper renews those arguments. Because trial counsel did not object to the State's comments, Casper forfeited his right to directly challenge the State's comments on appeal. *See State v. Howard*, 2001 WI App 137, ¶12, 246 Wis. 2d 475, 630 N.W.2d 244. Casper's challenge to that breach, therefore, falls under the ineffective assistance of counsel rubric. *See id.* We must first determine, however, whether there was, in fact, a material and substantial breach of the plea agreement. *See State v. Naydihor*, 2004 WI 43, ¶9, 270 Wis. 2d

585, 678 N.W.2d 220.  If no such breach existed, then Casper's trial attorney did not perform deficiently by failing to object, and Casper's ineffective assistance claim fails.  *See id.* (holding that "[i]f the State did not breach the plea agreement, then the failure of [trial] counsel to object did not constitute deficient performance").

¶6      When reviewing a defendant's claim for relief based on an alleged breach of a plea agreement, we review the trial court's "determination of historical facts, such as the terms of the plea agreement and the State's conduct that allegedly constitutes a breach, under the clearly erroneous standard of review." *State v. Williams*, 2002 WI 1, ¶20, 249 Wis. 2d 492, 637 N.W.2d 733.  However, whether the State's conduct constituted a material and substantial breach of the plea agreement is a question of law that we review independently.  *Id.*

¶7      Casper claims that the State breached the plea agreement when it made the following statement:

> So my recommendation here is for the time to run consecutive.  I don't think it should be concurrent.  That was, in part, something that [Casper's prior trial counsel] negotiated with me.  I had originally been asking for a lengthier period of time.  She convinced me to ask for less time and I agreed to do so with the caveat that I make it consecutive [to the revocation sentence] which means that he will do approximately 16 and a half or 17 years of initial confinement if the [c]ourt follows the State's recommendation.  And I think that that's what's necessary, frankly, because he has shown that when he is out in the community, this is what he will do.

Casper argues that this statement breached the plea agreement because it implied that the State had "reservations about the recommendation." *See State v. Poole*, 131 Wis. 2d 359, 364, 394 N.W.2d 909 (Ct. App. 1986) ("A comment which

4

implies reservations about the recommendation 'taint[s] the sentencing process' and breaches the agreement.") (citation omitted; bracketing in original).

¶8     The trial court rejected Casper's claim that those statements breached the plea agreement. It explained:

> The prosecutor's comment about her sentencing recommendation was made near the conclusion of her sentencing argument and in the context of explaining the plea negotiations in this case—it was not an expression of regret or an attempt to convey to the court that a more serious sentence was warranted than what she recommended. Indeed, the prosecutor stated that she was "convinced" by defense counsel to ask for less time. At no point did she suggest that she considered her recommendation to be inappropriate. Simply telling the court that the State once considered a lengthier recommendation but was convinced otherwise does not qualify as a breach, particularly in this case when nothing else in the prosecutor's sentencing argument explicitly or implicitly suggested that she had a change of heart and no longer believed in the recommendation that was made.

We agree with the trial court's analysis. The State commented on how it came to recommend a specific sentence; it was not "covertly convey[ing] to the [circuit] court that a more severe sentence is warranted than that recommended." *See Williams*, 249 Wis. 2d 492, ¶42.

¶9     We conclude that the State's comments did not "constitute[] a substantial and material breach of the plea agreement." *See id.*, ¶20. It follows that trial counsel did not perform deficiently by failing to object. *See Naydihor*, 270 Wis. 2d 585, ¶9. Accordingly, Casper is not entitled to resentencing based on his claim that the State breached the plea agreement.

**II. Due process claim.**

¶10 The second basis for Casper's motion for resentencing was his claim that the trial court violated his due process rights at the sentencing hearing by considering electronic records from Casper's prior juvenile and criminal cases that were not accessible to the parties and by not giving the parties an opportunity to respond to the information the trial court relied upon.

¶11 Our supreme court recently addressed a sentencing due process claim in *State v. Counihan*, 2020 WI 12, 390 Wis. 2d 172, 938 N.W.2d 530. Discussing the legal standards, *Counihan* stated: "As part of the constitutional due process guarantee that a defendant be sentenced on reliable information, the defendant has the right to rebut evidence that is admitted by a sentencing court." *See id.*, ¶39. "Obviously, if sentencing information is kept from the defendant, [the defendant] cannot exercise this right." *Id.* (citation omitted; bracketing in original). *Counihan* also recognized that trial courts must explain the reasons for the sentence imposed and are "encouraged … to 'refer to information provided by others.'" *See id.*, ¶¶40-41 (quoting *State v. Gallion*, 2004 WI 42, ¶47, 270 Wis. 2d 535, 678 N.W.2d 197). Whether a defendant's due process rights were violated presents an issue of law that this court reviews independently. *See Counihan*, 270 Wis. 2d 535, ¶23.

¶12 With those legal standards in mind, we turn to the facts in Casper's case. At the sentencing hearing, the State and trial counsel offered their sentencing arguments, and Casper exercised his right of allocution. The trial court took a five-minute break and then offered its sentencing remarks. It discussed Casper's juvenile record, providing additional details about a 1999 adjudication

that the State previously identified as a juvenile referral with an unknown disposition.[3] The trial court had this exchange with Casper:

> THE COURT: So let's talk about your record. We have the 1999 juvenile adjudication. That is for possession with intent to deliver cocaine less than 5 grams. That offense date was August 18th of 1999. You went to children's court for that and apparently didn't do so well there. You were adjudicated delinquent. Your order had to be extended. And I think that you had to go to Lincoln Hills; correct? Right?
>
> [Casper:] Yes. Yes.
>
> THE COURT: Right. So your first juvenile contact didn't turn out particularly well. So you had an order placing you at Lincoln Hills.

¶13  The trial court then continued to talk through Casper's record, apparently referring to electronic records it was reviewing. For instance, it stated: "Now it's 2001. Now you're an adult. You pick up a possession of THC. That case is dismissed. I can't tell why." The trial court also noted that it did not have documents related to Casper's 2007 and 2009 convictions.

¶14  The trial court commented on a 2011 case against Casper that was originally charged as first-degree reckless homicide and later amended to delivery of cocaine, which the State had discussed in its sentencing argument. In doing so, the trial court referred to the presentence investigation report from that 2011 case, noting that Casper told the presentence investigation writer that he did not "have a violent prior record" and "didn't believe [he was] responsible for the victim's

---

[3] During its sentencing argument, the State said, "He has a 1999 juvenile referral for possession with intent to deliver cocaine. There is no disposition listed in the juvenile records I have access to, so I can't say for sure if it was a delinquency or just a referral."

7

unfortunate death." The trial court observed: "A lot of that sounds remarkably similar to what I heard in here today."

¶15     The trial court again referred to information from Casper's juvenile record and the 2011 presentence investigation report when it explained why it was exceeding the State's sentencing recommendation. The trial court stated:

> I am exceeding what the State is recommending in this case, and that is because I find you such an utter danger to the community, quite frankly, Mr. Casper; that *I have access to information that the State doesn't*. I know about your juvenile record. I know that that order had to be extended. *I was able to read that PSI in the other case,* though I think [the prosecutor] was the prosecuting attorney on the case with the PSI from years ago that she probably doesn't remember, indicating very similar comments that were made today. Mr. Casper, I just find you an incredible danger to this community. Incredible.

(Emphasis added.)

¶16     In his postconviction motion, Casper argued that the trial court's use of the electronic records of his earlier cases violated his due process rights because:

> Casper did not have access to the information about his juvenile record, his adult criminal record, nor the [2011] presentence investigation report. He did not know, until the judge made [its] sentencing remarks, that the court was considering those materials. Thus, he was not given an opportunity to rebut this information.

¶17     The trial court denied Casper's request for resentencing, concluding that Casper's due process rights were not violated. The trial court said "that its review of the electronic records was appropriate and relevant to its duty at sentencing to acquire full knowledge of the character and behavior of the defendant," citing ***State v. Hubert***, 181 Wis. 2d 333, 346, 510 N.W.2d 799 (Ct.

8

App. 1993) (recognizing that a sentencing court has a "responsibility … to acquire *full* knowledge of the character and behavior of the convicted defendant before sentence is imposed"). The trial court said that Casper "was given an opportunity to rebut the information," noting that it asked Casper to confirm that he was sent to Lincoln Hills as a juvenile.

¶18     The trial court also noted that Casper had not claimed that any of the information the trial court cited was inaccurate, including information the trial court read in the 2011 presentence investigation report. The trial court said: "The defendant can hardly disavow having notice or knowledge of his own words to the presentence writer. The defendant through his attorney did not object to the accuracy of his comments in that case and he did not/does not offer any rebuttal information in this case." (Footnote omitted.) The trial court concluded:

> [Casper] had notice or actual knowledge of the information from the electronic records that the court considered at his sentencing hearing and … had ample opportunity to rebut the information. The defendant does not claim that any of the information the court considered was inaccurate nor does he explain what rebuttal information he would have provided at sentencing if he had been given the opportunity.

¶19     On appeal, Casper again asserts that his due process rights were violated.[4] He acknowledges that trial courts are "not prohibited from considering evidence from third-party sources, such as the defendant's juvenile record, his criminal record, and a [presentence investigation report] from another case." However, he argues:

---

[4] As in the trial court, Casper does not argue that he was sentenced based on inaccurate information.

9

> The problem is that Casper was not made aware of the fact that the court was going to consider this information, and he was not given an opportunity to prepare to rebut the information. Additionally, although the judge orally summarized some of the information in the records, the records themselves were not made a part of the record of the sentencing hearing in this case. Therefore, we do not know exactly what the judge was looking at, nor do we know the full content of those records.

¶20 We conclude that Casper's due process rights were violated and that he is entitled to resentencing because he was not given an adequate opportunity to review or rebut the information in the electronic records that the trial court relied on as it pronounced sentence. *See Counihan*, 390 Wis. 2d 172, ¶53; *see also State v. Loomis*, 2016 WI 68, ¶53, 371 Wis. 2d 235, 881 N.W.2d 749 (recognizing that defendants must be given an "opportunity to refute, supplement or explain" information at sentencing) (citing *Gardner v. Florida*, 430 U.S. 349, 362 (1977) (holding that petitioner was denied due process when sentenced on information that he had no opportunity to deny or explain)).

¶21 Our holding today is narrow. We assume without deciding that a trial court is permitted to review electronic court files concerning the defendant's prior criminal cases that are not provided to the court by the parties. Here, the due process violation stems from the fact that Casper was not given an adequate opportunity to review or rebut the electronic court records that the trial court was referencing at the sentencing hearing.

¶22 Having determined that Casper is entitled to resentencing based on what occurred at the sentencing hearing, we do not address Casper's claim that the trial court was required to notify him before the sentencing hearing that it intended to review electronic case records from Casper's prior criminal cases. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (holding that

"cases should be decided on the narrowest possible ground"). We also do not address Casper's related claim that he was denied due process because the trial court did make the electronic records from Casper's prior cases part of the trial court record in this case. *See id.*

¶23   It is also important to note that the State has not asserted that Casper forfeited his due process claim by failing to object during the trial court's pronouncement of sentence. Further, the State has not argued that the due process violation was harmless. Accordingly, we have not addressed those issues.

## CONCLUSION

¶24   For the foregoing reasons, we reject Casper's argument that the State breached the plea agreement at the sentencing hearing. However, we agree that Casper is entitled to resentencing because he did not have an adequate opportunity to review or rebut electronic case information that the trial court relied on at sentencing. Therefore, we affirm in part, reverse in part, and remand for resentencing.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.