COURT OF APPEALS
DECISION
DATED AND FILED

December 28, 2021

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos.   **2020AP1142-CR**
**2020AP1143-CR**
**2020AP1144-CR**

Cir. Ct. Nos.  **2015CF2008**
**2016CF4778**
**2016CF5363**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

STEVE DESHUNN YOUNG,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County:  JANET C. PROTASIEWICZ and JONATHAN D. WATTS, Judges. *Affirmed*.

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Steve Deshunn Young appeals his judgments of conviction entered after he pled guilty to charges of operating a vehicle without the owner's consent; second-degree recklessly endangering safety, with a habitual criminality enhancer; felony bail jumping, with a habitual criminality enhancer; possession with intent to deliver heroin; and possession with intent to deliver cocaine.  He also appeals the order denying his postconviction motion.

¶2     In his postconviction motion, Young argued that the prosecutor materially and substantially breached the plea agreement with comments made at the sentencing hearing, and that his trial counsel was ineffective for failing to object to that breach.  He therefore requested a *Machner*[1] hearing on this issue, seeking to withdraw his pleas or alternatively, to be resentenced.  The postconviction court[2] rejected his claims without granting a hearing.  Upon review, we affirm.

## BACKGROUND

¶3     The charges against Young stem from incidents occurring in 2015 and 2016.  There were several other charges filed against Young in these cases, along with additional charges in two other cases, all of which were dismissed and read in for sentencing under the plea agreement that Young entered into to resolve these matters.  That plea agreement also included a sentencing recommendation by the State of a global sentence of thirteen years of initial confinement, with extended supervision to be determined at the discretion of the trial court.

---

[1]  *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[2]  The Honorable Janet C. Protasiewicz accepted Young's pleas and imposed sentence; we refer to her as the trial court.  The Honorable Jonathan D. Watts, as the successor court to Judge Protasiewicz's calendar, rendered the decision on Young's postconviction motion; we refer to him as the postconviction court.

¶4    At the plea hearing in December 2017, the prosecutor explained that the structure of the plea agreement had been designed by her predecessor prosecutor on the cases, but that she "think[s] it's fair." At the subsequent sentencing hearing, held later in December 2017, the prosecutor discussed the victim in the recklessly endangering safety charge, N.S. According to the complaint in that case, officers from the West Allis Police Department had gone to Young's residence to arrest him on open warrants, but Young fled in a Toyota C4E. N.S. stated that he had to jump out of the path of the fleeing vehicle, and that if he had not moved "he would have been run over potentially risking death or great bodily injury." At the sentencing hearing, the prosecutor noted that she knew N.S. personally, that he was married with five children, and that "his world would have been shattered" had he been run over by Young as he was fleeing.

¶5    The prosecutor stated that she had discussed these cases with N.S. as well as other officers involved in his arrest and "talked about what we thought was fair" in terms of the sentencing recommendation. She then noted that the recommendation was for a global sentence of thirteen years of initial confinement, which was supported by N.S. However, she also commented "and, you know, sometimes you wonder is that enough?" Additionally, she made an observation regarding Young's "pattern of behavior," which included an attempt to "run over law enforcement," which she said he appeared to have done without hesitation.

¶6    The prosecutor then discussed Young's drug addiction problem, observing that he had likely committed some of the crimes in these cases "because he was using [drugs] and not thinking clearly and making good choices." She expressed the hope that he would engage in drug treatment through the prison system, and that when he is released "he'll be more mature and realize the damage

3

that he's done to the world and not reengage." She then stated that "at the end of the day … I think 13 years is fair" for the term of initial confinement, although she suggested that Young "clearly needs a hefty amount of extended supervision time[.]" Trial counsel did not object to any of the prosecutor's statements.

¶7   However, the trial court did not follow the State's recommendation, instead sentencing Young to a global sentence of eighteen years of initial confinement and eighteen years of extended supervision.

¶8   Young filed a postconviction motion seeking to withdraw his pleas or, in the alternative, resentencing, on the grounds that the prosecutor had materially and substantially breached the plea agreement with her comments at the sentencing hearing. He also asserted that his trial counsel was ineffective for failing to object to the prosecutor's comments, and requested a *Machner* hearing.[3]

¶9   The postconviction court rejected Young's claims. The court noted that the prosecutor's comments cannot be viewed in "a vacuum," and that the sentencing transcript demonstrates that the prosecutor explained how she reached her sentencing recommendation for the term of initial confinement, based on the facts of the crimes committed by Young. The court further noted that the prosecutor "repeatedly emphasized" the fairness of the recommendation. Therefore, the court found that the prosecutor had not breached the plea agreement and, as a result, trial counsel was not ineffective for failing to object to the prosecutor's comments.

---

[3] Additionally, Young also raised in his postconviction motion a separate claim of new information constituting a new factor for which he was seeking resentencing. Young does not renew that argument on appeal, and we therefore do not address it. *See State v. Ledger*, 175 Wis. 2d 116, 135, 499 N.W.2d 198 (Ct. App. 1993) ("On appeal, issues raised but not briefed or argued are deemed abandoned.").

4

Accordingly, the court denied Young's postconviction motion without granting a *Machner* hearing. This appeal follows.

## DISCUSSION

¶10 On appeal, Young renews his argument that the prosecutor breached the plea agreement based on her comments during the sentencing hearing. Specifically, Young asserts that the prosecutor's references to N.S. were an attempt to "end-run" around the plea agreement that was structured by her predecessor. A defendant has "a constitutional right to the enforcement of a negotiated plea agreement." *State v. Williams*, 2002 WI 1, ¶37, 249 Wis. 2d 492, 637 N.W.2d 733. A plea agreement in which the State agrees to recommend a particular sentence "may induce an accused to give up the constitutional right to a jury trial," and therefore that defendant's due process rights "demand fulfillment of the bargain." *Id.*

¶11 The State, however, contends that the failure of Young's trial counsel to object to those comments by the prosecutor renders this claim forfeited. "[F]orfeiture is the failure to make the timely assertion of a right[.]" *State v. Pinno*, 2014 WI 74, ¶56, 356 Wis. 2d 106, 850 N.W.2d 207. This court has previously determined that a defendant who fails to object to an alleged breach of the plea agreement by the State at the sentencing hearing has "waived his right to directly challenge" that alleged breach.[4] *State v. Bowers*, 2005 WI App 72, ¶6, 280 Wis. 2d 534, 696 N.W.2d 255.

---

[4] Our supreme court has previously recognized that "cases sometimes use the words 'forfeiture' and 'waiver' interchangeably," even though these terms actually "embody very different legal concepts." *State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612.

¶12   Young does not refute this contention, and "[a]rguments not refuted are deemed admitted." *State v. Alexander*, 2005 WI App 231, ¶15, 287 Wis. 2d 645, 706 N.W.2d 191. We therefore review Young's claim in the context of an ineffective assistance of counsel claim. *See Bowers*, 280 Wis. 2d 534, ¶6.

¶13   First, we note that a defendant seeking to withdraw his or her plea after sentencing "must prove, by clear and convincing evidence, that a refusal to allow withdrawal of the plea would result in 'manifest injustice.'" *State v. Brown*, 2006 WI 100, ¶18, 293 Wis. 2d 594, 716 N.W.2d 906 (citation omitted). Manifest injustice as it relates to plea withdrawal may be demonstrated by proving ineffective assistance of counsel. *State v. Taylor*, 2013 WI 34, ¶49, 347 Wis. 2d 30, 829 N.W.2d 482.

¶14   To prove ineffective assistance of counsel, a defendant must show that his trial counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant "must prevail on both parts of the test to be afforded relief." *State v. Allen*, 2004 WI 106, ¶26, 274 Wis. 2d 568, 682 N.W.2d 433. We review *de novo* "'the legal questions of whether deficient performance has been established and whether it led to prejudice rising to a level undermining the reliability of the proceeding.'" *State v. Roberson*, 2006 WI 80, ¶24, 292 Wis. 2d 280, 717 N.W.2d 111 (citation omitted). However, "[a] court need not address both components of this inquiry if the defendant does not make a sufficient showing on one." *State v. Smith*, 2003 WI App 234, ¶15, 268 Wis. 2d 138, 671 N.W.2d 854.

¶15   A claim of ineffective assistance of counsel requires that a postconviction evidentiary hearing be held "to preserve the testimony of trial counsel." *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979).

However, a defendant is not automatically entitled to an evidentiary hearing relating to his or her postconviction motion. *State v. Bentley*, 201 Wis. 2d 303, 309-10, 548 N.W.2d 50 (1996). Rather, the trial court is required to hold an evidentiary hearing only if the defendant has alleged "sufficient material facts that, if true, would entitle the defendant to relief." *Allen*, 274 Wis. 2d 568, ¶14. This is a question of law that we review *de novo*. *Id.*, ¶9.

¶16 If, on the other hand, the postconviction motion "does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," the trial court, in its discretion, may either grant or deny a hearing. *Id.* We will uphold such a discretionary decision if the trial court "has examined the relevant facts, applied the proper legal standards, and engaged in a rational decision-making process." *Bentley*, 201 Wis. 2d at 318.

¶17 This analysis returns us to the question of whether the prosecutor breached the plea agreement, to determine whether Young's trial counsel's failure to object to the prosecutor's comments may constitute ineffective assistance of counsel. *See State v. Howard*, 2001 WI App 137, ¶21, 246 Wis. 2d 475, 630 N.W.2d 244. Even with the constitutional right to the enforcement of a plea agreement, "not all conduct that deviates from the precise terms of a plea agreement constitutes a breach entitling the defendant to relief." *State v. Campbell*, 2011 WI App 18, ¶7, 331 Wis. 2d 91, 794 N.W.2d 276. An actionable breach of a plea agreement is not "merely a technical breach;" rather, "it must be a material and substantial breach." *Williams*, 249 Wis. 2d 492, ¶38. "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." *Id.*

7

¶18    "We must examine the entire sentencing proceeding to evaluate the prosecutor's remarks." *Id.*, ¶46. In our review of the transcript from the sentencing hearing, we observed that the prosecutor discussed the details of the crimes committed by Young, particularly relating to the charge that involved N.S. However, when making a sentencing argument where a plea agreement is in place, "nothing prevents prosecutors from supplying information that supports a harsher sentence than the one recommended by the prosecutor." *State v. Liukonen*, 2004 WI App 157, ¶10, 276 Wis. 2d 64, 686 N.W.2d 689.

¶19    Furthermore, the prosecutor also noted that the sentence recommendation had the support of N.S. Additionally, she discussed other factors involved in her consideration of the sentence recommendation, such as Young's drug problem, which likely contributed to his commission of these crimes. She inferred this was a mitigating factor, such that the "decades on decades" of prison exposure Young would have faced had he not entered into the plea agreement was perhaps not warranted.

¶20    In short, we conclude that the full context of the prosecutor's comments indicate support of the thirteen-year sentence recommendation under the plea agreement, as opposed to an attempt to "defeat[] the benefit" of the sentence recommendation Young bargained for in the plea agreement. *See Williams*, 249 Wis. 2d 492, ¶38. Therefore, we conclude that there was no material and substantial breach of the plea agreement by the prosecutor. *See id.*

¶21    Furthermore, given that there was no breach of the plea agreement, Young's trial counsel was not ineffective for failing to object to the prosecutor's

comments.[5]  *See State v. Sprang*, 2004 WI App 121, ¶13, 274 Wis. 2d 784, 683 N.W.2d 522.  As a result, Young's ineffective assistance claim necessarily fails, *see Smith*, 268 Wis. 2d 138, ¶15, and thus the postconviction court did not err in not granting a hearing on Young's motion, *see Allen*, 274 Wis. 2d 568, ¶9.

¶22     Accordingly, we affirm Young's judgments of conviction and the order denying his postconviction motion.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).

---

[5]  Young also argues that he may be entitled to resentencing, relying on *State v. Liukonen*, 2004 WI App 157, 276 Wis. 2d 64, 686 N.W.2d 689.  In *Liukonen*, trial counsel for the defendant failed to object to the prosecutor's comments during sentencing, so this court reviewed the breach of plea agreement claim in the context of an ineffective assistance of counsel claim.  *Id.*, ¶6.  We concluded that there was a material and substantial breach of the plea agreement by the prosecutor, and that prejudice can be presumed if the defendant establishes that counsel's performance was deficient; that is, that counsel did not have a strategic reason for not objecting to the prosecutor's comments.  *Id.*, ¶¶17-20.  We then indicated that even if counsel "had a sufficient strategic reason for failing to object to the breach and, thus, did not perform deficiently, [the defendant] may nonetheless be entitled to resentencing if his counsel did not consult with him about foregoing an objection."  *Id.*, ¶20.  Given our conclusion that there was no breach by the prosecutor, Young's request for resentencing is rejected.