STATE of Wisconsin, Plaintiff-Respondent,

v.

David C. QUARZENSKI, Defendant-Appellant.†

Court of Appeals

*Nos. 2006AP2509, 2006AP2510, 2006AP2511. Submitted on briefs May 24, 2007.—Decided August 22, 2007.*

2007 WI App 212

(Also reported in 739 N.W.2d 844.)

† Petition to review denied 11/5/07.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Martin E. Kohler,* and *Christopher M. Eippert,* of *Kohler & Hart, LLP* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *J.B. Van Hollen,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

Before Brown, C.J., Anderson, P.J., and Nettesheim, J.

¶ 1. NETTESHEIM, J. Pursuant to a plea bargain, David C. Quarzenski agreed to plead guilty to multiple charges, and the State agreed to cap its sentencing recommendation at seven years. At the sentencing hearing, the State made its promised recommendation, but additionally asked the circuit court to impose periods of extended supervision and probation on certain of the charges. Quarzenski contends that this constituted a breach of the plea agreement and that his multiple counsel were ineffective by failing to object to the breach.

¶ 2. Based on the evidence presented at the *Machner*[1] hearing, we conclude that the parties' plea agree-

---

[1] *See State v. Machner,* 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

ment regarding the State's sentencing recommendation was targeted at the period of Quarzenski's confinement, not other potential components of the sentences. Therefore, the State did not breach the plea agreement, and trial counsel were not ineffective for failing to object. We affirm the judgments of conviction and the orders denying postconviction relief.

## BACKGROUND

¶ 3. In circuit court case number 2000CF371, the State charged Quarzenski with possession with intent to distribute marijuana and possession of drug paraphernalia pursuant to Wis. Stat. §§ 961.41(1m)(h)1. and 961.573(1) (2005–06).[2] While that case was pending, Quarzenski was arrested and charged in case number 2001CF137 with delivery of marijuana pursuant to § 961.41(1)(h)1. and two counts of bail jumping pursuant to Wis. Stat. § 946.49(1)(b). Quarzenski retained Attorney Patrick K. Cafferty to represent him on these two cases ("the Cafferty cases").

¶ 4. A month later, the State filed further charges against Quarzenski in case number 2001CF180. The ensuing information charged Quarzenski with delivery of a controlled substance to a minor pursuant to Wis. Stat. § 961.41(1)(h)1. and § 961.46(3) (1999–2000), possession of marijuana pursuant to § 961.41(3g)(e), three counts of second-degree sexual assault pursuant to Wis. Stat. § 940.225(2)(a), and five counts of bail jumping pursuant to Wis. Stat. § 946.49(1)(b). The state public defender appointed Attorney Jenelle Glasbrenner to represent Quarzenski on this third case ("the Glasbrenner case").

---

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

¶ 5. Quarzenski faced over a century and a half of potential sentences on all of the charges. In July 2001, the parties negotiated a global plea agreement by which Quarzenski would plead guilty to one count of possession with intent to deliver 500 grams or less of a controlled substance (THC), one count of delivery of 500 grams or less of a controlled substance (THC), one count of violation of the terms of his bond by possession of illegal drugs, and one count of second-degree sexual assault. The State agreed to dismiss, but read in, the remaining counts, which would be considered for sentencing purposes. In addition, the State agreed to cap its sentencing recommendation at seven years.

¶ 6. Quarzenski signed two Plea Questionnaire/ Waiver of Rights forms in connection with the agreement, one for "the Cafferty cases" and one for "the Glasbrenner" case. The "Voluntary Plea" portion of the plea questionnaire for "the Cafferty cases" stated: "Cap at 7 years W.S.P."[3] That portion of the questionnaire in "the Glasbrenner" case stated: "Plead to Cts. 2 & 3; all remaining counts to be dismissed and read in; state to cap recommendation at 7 years WSP; [defendant] free to argue."

¶ 7. At the plea hearing Glasbrenner recited the terms of the plea agreement. Regarding the State's sentencing recommendation, Glasbrenner stated, "The state is to cap its recommendation on all three files combined at 7 years. The defense is free to argue." Quarzenski confirmed to the circuit court that this also was his understanding. The State offered no objection or corrections. The court approved the plea

---

[3] Cafferty testified that the "W.S.P." designation referred to the Wisconsin State Prisons.

agreement, accepted Quarzenski's guilty pleas, and ordered the department of corrections to submit a presentence report.

¶ 8. At the sentencing hearing, Quarzenski appeared with both Cafferty and Glasbrenner. However, a different assistant district attorney represented the State. The following colloquy ensued when the circuit court asked whether there was a plea agreement:

> [ASSISTANT D.A.]: Yes, your Honor. The state is recommending 7 years [in] prison but is free to argue on how much extended supervision and/or probation on other counts.
>
> THE COURT: Okay.
>
> MS. GLASBRENNER: I believe that was a cap of 7 years.
>
> [ASSISTANT D.A.]: Which is what I said, I thought.

No further discussion regarding the terms of the plea agreement occurred.

¶ 9. In its sentencing statement, the State recommended seven years' confinement, but additionally asked for an extensive period of extended supervision and consecutive long-term probation. Neither Cafferty nor Glasbrenner objected to this sentencing request. The circuit court adopted the State's position, sentencing Quarzenski to seven years' confinement and eight years' extended supervision for the second-degree sexual assault, seven years' concurrent confinement and three years' extended supervision for the bail jumping, and

four years of consecutive probation on the drug charges under withheld sentences.[4]

¶ 10. Represented by new counsel, Quarzenski moved for postconviction relief pursuant to WIS. STAT. § 974.06. Quarzenski alleged that the State had breached the plea agreement by seeking extended supervision and probation beyond the seven-year request for confinement and that his trial counsel were ineffective for failing to object.

¶ 11. The circuit court conducted separate *Machner* hearings at which Glasbrenner and Cafferty respectively testified. Glasbrenner testified that the "extensive" negotiations with the State focused on Quarzenski's potential prison time because Quarzenski "didn't care about extended supervision. He didn't care about probation. His primary goal was to limit the amount of time he spent in prison." The cap at seven years "was a cap at prison, the actual confinement, not the total sentence."

¶ 12. Shown a letter she sent to the state public defender's office stating that Quarzenski's sentence may present "arguably meritorious issues for appeal," Glasbrenner testified that the terminology in her letter was "standard language," and she felt an appellate challenge to the sentence "would be the only place to look." She harbored some doubts as to the sexual assault victim's credibility and so subjectively felt the court's sentence was harsh, but nonetheless was proper under the law and the agreement. Glasbrenner testified that if she believed the State had incorrectly stated the plea agreement she would have objected, as she has done with other clients.

---

[4] The presentence report recommended twelve to fifteen years' confinement followed by eight to ten years of extended supervision.

¶ 13. Cafferty testified that the "cap at 7 years WSP" language in the plea questionnaire in "the Cafferty cases" meant the amount of actual prison time that the State would recommend and that the State was otherwise free to recommend probation or extended supervision beyond that. Cafferty testified he had no cause to object because he believed the State's sentencing recommendation conformed to the parties' agreement.

¶ 14. The circuit court denied Quarzenski's motion for postconviction relief, ruling that the State had abided by the agreement and therefore Quarzenski's attorneys were not ineffective for failing to object to the State's sentencing recommendation. Quarzenski appeals.[5]

## DISCUSSION

### The Law of Ineffective Assistance of Counsel

¶ 15. We analyze a claim of ineffective assistance of counsel under the two-part test articulated in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant must satisfy both parts—deficient performance and resultant prejudice. *Id.*; *State v. Taylor*, 2004 WI App 81, ¶¶ 13–14, 272 Wis. 2d 642, 679 N.W.2d 893. To prove deficient performance, the defendant must identify counsel's specific acts or omissions that fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. To prove prejudice, the defendant must show that the errors were so serious that the result of the proceeding was unreliable. *Id.* at

---

[5] This court granted Quarzenski's motion to consolidate the three cases for appeal.

687. If the State substantially and materially breaches a plea agreement, prejudice is presumed because it results in a manifest injustice to the defendant. *See State v. Smith*, 207 Wis. 2d 258, 281, 558 N.W.2d 379 (1997).

¶ 16. On review, we afford trial counsel's performance great deference, examine the case from counsel's perspective at the time, and make every effort to avoid determinations based on hindsight. *State v. Johnson*, 153 Wis. 2d 121, 127, 449 N.W.2d 845 (1990). Quarzenski bears the burden to defeat the strong presumption that counsel acted reasonably within professional norms. *See id.*

## Material and Substantial Breach

¶ 17. Quarzenski contends that the State's agreement to cap its sentencing recommendation at seven years meant just that a total sentencing package, regardless of the sentencing components, that would not exceed seven years. By asking for extended supervision and probation that extended beyond that limitation, Quarzenski contends the State materially and substantially breached the agreement. From this premise, Quarzenski maintains that both his trial counsel provided ineffective assistance when they did not object to that breach.

¶ 18. The issue of whether Quarzenski's trial counsel were ineffective depends on whether the State's sentencing recommendation constituted a material and substantial breach of the party's plea agreement. *See Smith*, 207 Wis. 2d at 281. A material and substantial breach violates the terms of the agreement so as to

defeat the benefit for which the accused bargained. *State v. Williams*, 2002 WI 1, ¶ 38, 249. Wis. 2d 492, 637 N.W.2d 733. Only a material and substantial breach is actionable, *see id.*; counsel cannot have rendered ineffective assistance for not objecting to a technical breach or to none at all, *see State v. Howard*, 2001 WI App 137, ¶¶ 14–15, 21, 246 Wis. 2d 475, 630 N.W.2d 244; and "manifest injustice" results from a material and substantial breach, *see Smith*, 207 Wis. 2d at 281.

■

¶ 19. The terms of a plea agreement and the historical facts of the State's conduct that allegedly constitute a breach of a plea agreement are questions of fact. *Williams*, 249 Wis. 2d 492, ¶ 2. But whether the State's conduct constitutes a breach of the plea agreement and, if so, whether such breach was material and substantial, are questions of law that we review de novo. *State v. Naydihor*, 2004 WI 43, ¶ 11, 270 Wis. 2d 585, 678 N.W.2d 220. To the extent the circuit court's conclusions are rooted in the witnesses' credibility, we will accept those determinations. *Jacobson v. American Tool Cos., Inc.*, 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998). If the court does not make express findings in that regard, we assume it made implicit findings on a witness's credibility when analyzing the evidence. *Id.*

¶ 20. Quarzenski argues that the plea questionnaires stating a seven-year cap, Glasbrenner's recitation of this provision at the plea hearing, and her reaction to the prosecutor's request for extended supervision and probation at the sentencing hearing bear out his contention that the global agreement contemplated a total sentence of seven years. He also maintains that since he was sentenced under Truth-in-Sentencing I (TIS-I), the plea agreement of seven years had to mean

a seven-year total sentence on the three cases combined because under TIS-I he believes "any reference to a prison sentence or a sentence in general means a *total* sentence, including both confinement and extended supervision."[6]

¶ 21. The thrust of the testimony given by Glasbrenner and Cafferty at the *Machner* hearing was similar. Glasbrenner testified that Quarzenski's primary concern was the prospect of a lengthy period of incarceration and that the prospects of extended supervision and/or probation were not important to him. Thus, the plea negotiations were conducted from that perspective. After the plea bargain was struck, Glasbrenner understood that the seven-year cap applied to only the confinement portion of the sentences. Moreover, Glasbrenner testified that if the State's sentencing-cap promise was intended to cover all facets of the potential sentences, she would have objected to the State's sentencing recommendation.

¶ 22. Cafferty testified that the "cap at 7 years W.S.P." language in the plea questionnaire on "the Cafferty cases" referred to the actual prison time that Quarzenski would serve and that the State was otherwise free to argue for additional extended supervision or probation. Like Glasbrenner, Cafferty testified that he had no cause to object because he viewed the State's recommendation as being in keeping with the plea agreement.

---

[6] TIS-I applies to offenses committed between December 31, 1999, and January 31, 2003. *State v. Sutton*, 2006 WI App 118, ¶ 3 n.4, 294 Wis. 2d 330, 718 N.W.2d 146, *review denied*, 2006 WI 113, 296 Wis. 2d 63, 721 N.W.2d 486.

¶ 23. The circuit court held that the State abided by the plea agreement and therefore trial counsel were not ineffective for failing to object. We agree. The substantial period of confinement that Quarzenski faced lends credence to Glasbrenner's testimony that Quarzenski was concerned only with the confinement portions of the sentences he would receive. Thus, the plea negotiations were conducted from that perspective and the ultimate agreement spoke only to that concern. Therefore, trial counsel had no basis to object when the State made its sentencing recommendation. As noted, we afford trial counsel's performance great deference, and examine the case *from counsel's perspective at the time,* and avoid determinations based on hindsight. *Johnson,* 153 Wis. 2d at 127. Also as noted, when a circuit court's conclusions are based on the court's credibility findings, we accept those determinations. *Jacobson,* 222 Wis. 2d at 390. Here, although not expressly addressing the credibility of Glasbrenner's and Cafferty's testimony, it is obvious that the court found both credible since the court ruled in favor of the State, which relied on their testimony. If the court does not make express findings on credibility, we assume it made implicit findings to that effect when analyzing the evidence. *Id.* We see no basis for disturbing the circuit court's determinations. The State did not breach the plea agreement, and therefore trial counsel were not ineffective for failing to object to the State's sentencing recommendation.

¶ 24. Trial counsel's testimony at the *Machner* hearing also refutes Quarzenski's reliance on TIS-1. Quarzenski points to the language of Wis. Stat. § 973.01(2) which states:

> A bifurcated sentence is a sentence that consists of a term of confinement in prison followed by a term of

extended supervision under [WIS. STAT. §] 302.113. The total length of a bifurcated sentence equals the length of the term of confinement in prison plus the length of the term of extended supervision.

Based on this language, Quarzenski contends that the references in the plea questionnaires to "Cap at 7 years W.S.P." and "state to cap recommendation at 7 years WSP" contemplated the total bifurcated sentences. But the *Machner* testimony of both Cafferty and Glasbrenner clearly explained that these references were addressed to only the confinement portion of the sentences. In short, Quarzenski was not concerned about the prospects of extended supervision and/or probation and, as a result, the plea agreement did not address those matters.

¶ 25. Alternatively, Quarzenski argues that even if his attorneys were not ineffective, "the State's breach of the plea agreement still resulted in manifest injustice" to him, entitling him to resentencing by a different judge. However, this argument is premised on the existence of a breach by the Statea premise we have already rejected. We deny Quarzenski's alternative request for resentencing.

CONCLUSION

¶ 26. Because the State did not breach the plea agreement, Quarzenski's trial counsel had no basis for objecting to the State's sentencing recommendation. Therefore, trial counsel were not ineffective. We affirm the judgments of conviction and the orders denying postconviction relief.

*By the Court.*—Judgments and orders affirmed.