COURT OF APPEALS
DECISION
DATED AND FILED

May 5, 2020

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP243-CR**

Cir. Ct. No. **2014CT295**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DAVID WILLIAM KRUMM,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

¶1 HRUZ, J.[1] David Krumm appeals a judgment, entered upon his no-contest plea, convicting him of second-offense operating a motor vehicle with a prohibited alcohol concentration (PAC). Krumm argues the circuit court erred by

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

denying his motion to suppress evidence obtained during a traffic stop, specifically contending that the law enforcement officer lacked probable cause to request that he submit to a preliminary breath test (PBT). We affirm.

## BACKGROUND

¶2 In November 2014, sergeant Mark Volz of the North Hudson Police Department observed Krumm's vehicle traveling at a rate of 46 miles per hour (mph) in a 25 mph zone at 2:40 a.m. on a Saturday. Volz initiated a traffic stop. After Volz identified Krumm as the driver, Volz smelled a "strong" odor of intoxicants on Krumm's breath. Krumm stated that he had consumed three beers prior to driving and that his last beer had been "a couple" hours prior. Krumm also "seemed confused" about what town he was coming from and where he was going. Volz eventually requested that Krumm perform field sobriety tests, and Krumm agreed to do so.

¶3 Volz first administered the horizontal gaze nystagmus (HGN) test. Volz observed four out of six clues of impairment. Volz then administered the walk-and-turn test. On that test, he observed Krumm stumble once while walking and "stumble[] a little bit when he turned around." The third test Krumm performed was the one-leg-stand test, during which he swayed twice. The final field sobriety test Krumm performed was the alphabet test, in which Volz asked Krumm to recite the alphabet beginning with the letter "C" and to the letter "X." Krumm did so, but he stated incorrectly the last three letters in the sequence as "W, Y, X."[2]

---

[2] On appeal, Krumm disputes the number of impairment clues he exhibited on the walk-and-turn and one-leg-stand field sobriety tests.

¶4     After the field sobriety tests, Volz again questioned Krumm regarding the length of time since his last beer.  This time, Krumm responded that his last drink was an hour prior.

¶5     Krumm then submitted to a PBT, which indicated a 0.147 blood-alcohol content.  Krumm was arrested and charged with operating a motor vehicle while intoxicated (OWI) and PAC, both as second offenses.  Krumm subsequently moved to suppress evidence on the grounds that Volz lacked probable cause under WIS. STAT. § 343.303 to request the PBT.  The circuit court held a hearing on the motion, at which Volz testified.  At a later hearing following written submissions from both parties, the court denied Krumm's motion.  Relying upon Volz's testimony, video of the traffic stop, and our supreme court's decision in *County of Jefferson v. Renz*, 231 Wis. 2d 293, 603 N.W.2d 541 (1999), the circuit court concluded Volz "had the required degree of probable cause" to request that Krumm submit to a PBT.

¶6     Following the denial of his suppression motion, Krumm pleaded no contest to second-offense PAC, and the circuit court found him guilty of that offense.  The parties appear to have agreed to a deferred entry of Krumm's conviction, although the specifics of that agreement are not in the appellate record.  Following Krumm's alleged breach of the parties' agreement, the court entered Krumm's judgment of conviction in January 2019.  Krumm now appeals.[3]

---

[3] A circuit court's order denying a motion to suppress evidence may be reviewed on appeal from a judgment of conviction notwithstanding a defendant's no-contest plea.  *See* WIS. STAT. § 971.31(10).

**DISCUSSION**

¶7    The sole issue Krumm raises on appeal is whether Volz had probable cause to extend the traffic stop in order to administer a PBT.  Whether probable cause existed in a particular circumstance presents a question of law that we review independent of the circuit court.  *See **State v. Goss***, 2011 WI 104, ¶9, 338 Wis. 2d 72, 806 N.W.2d 918 (quoting ***Renz***, 231 Wis. 2d at 316).  We uphold any factual findings underlying the circuit court's probable cause determination, however, unless they are clearly erroneous.  ***Id.***

¶8    WISCONSIN STAT. § 343.303 authorizes law enforcement officers to request a PBT of drivers under certain circumstances.  As relevant to Krumm's case, an officer may request a PBT if the officer "has probable cause to believe" that the driver is violating or has violated WIS. STAT. § 346.63(1), which prohibits driving or operating a motor vehicle under the influence of an intoxicant or with a prohibited alcohol concentration.  *See* § 343.303.  "'[P]robable cause to believe' refers to a quantum of proof greater than the reasonable suspicion necessary to justify an investigative stop … but less than the level of proof required to establish probable cause for arrest." ***Renz***, 231 Wis. 2d at 316.  We assess the totality of the circumstances in determining whether probable cause existed to administer a PBT.  *See **Goss***, 338 Wis. 2d 72, ¶9.

¶9    Here, the totality of the circumstances supports Volz's request for Krumm to submit to a PBT.  We find ***Renz*** instructive because of its factual similarities to this case.

¶10    In ***Renz***, our supreme court concluded that a law enforcement officer had "the required degree of probable cause to request the defendant to submit to a PBT." ***Renz***, 232 Wis. 2d at 317.  The defendant "smelled strongly of intoxicants"

and admitted to "drinking three beers earlier in the evening." *Id.* The defendant displayed two out of eight clues of impairment on the walk-and-turn test, and only one out of four clues on the one-leg-stand test. *Id.* at 297-98, 316-17. In addition, the defendant's "speech was not slurred, and he was able to substantially complete all of the tests." *Id.* at 317.

¶11 *Renz* teaches that, here, Volz had the required degree of probable cause to request of Krumm that he submit to a PBT. The totality of circumstances illustrates that, notwithstanding Krumm's "passing" grades on his field sobriety tests, Krumm exhibited several indicators of intoxication, similar to the defendant in *Renz*, to wit: driving at a rate of 46 mph in a 25 mph zone[4] at 2:40 a.m. on a Saturday; smelling strongly of intoxicants; admission to alcohol consumption; confusion over his comings and goings; and inconsistent answers as to when he had last consumed an alcoholic beverage. Volz had probable cause to believe that Krumm had violated or was violating Wisconsin's OWI laws based upon these indicators, along with Krumm's performance on the field sobriety tests. Similar to the officer in *Renz*, Volz "was faced with exactly the sort of situation in which a PBT proves extremely useful in determining whether there is probable cause for an OWI arrest." *See id.*

---

[4] Krumm argues that his driving over 20 mph in excess of the speed limit is actually "*de minimus* or *counterintuitive* to evidence of impairment." He reasons: "Operating a vehicle at a speed in excess of the maximum safe speed posted for a highway requires a person to exercise *greater* control over the vehicle given the shortened reaction time at higher rates of speed." While this assertion is a clever spin of the facts, Krumm's position lacks support from our case law, whereas the contrary position does not. *See, e.g.*, *State v. Waldner*, 206 Wis. 2d 51, 57-58, 556 N.W.2d 681 (1996); *City of West Bend v. Wilkens*, 2005 WI App 36, ¶19, 278 Wis. 2d 643, 693 N.W.2d 324.

¶12     Krumm's arguments for why Volz lacked the required degree of probable cause to request a PBT are unpersuasive.   To begin, he fails to distinguish his case from the circumstances in **Renz**.  This omission is particularly noteworthy given that he acknowledges **Renz** as stating the correct probable cause standard for challenges to administering a PBT.  Moreover, both the circuit court in its decision and the State in its response brief asserted that the facts and law in **Renz** are controlling here.   Krumm's failure to address **Renz** exacerbates the shortcomings of his remaining appellate arguments.

¶13     Next, Krumm generally fails to assess the traffic stop in its totality. Instead, Krumm focuses on facts or circumstances that were absent, such as Volz not observing Krumm weave from within his lane of travel, have "poor finger dexterity or lack of coordination," speak abnormally, or have "glossy or bloodshot eyes."

¶14     To use Krumm's critique of the State's arguments against him now, he "ignores and overlooks the *actual facts* of the instant case by misdirecting the Court's attention with blue smoke and mirrors."   We assess the totality of the circumstances based upon the facts that actually occurred.  *See State v. Mueller*, No. 2018AP44-CR, unpublished slip op. ¶17 (WI App Feb. 12, 2019); *see also State v. Post*, 2007 WI 60, ¶37, 301 Wis. 2d 1, 733 N.W.2d 634 (observing that when analyzing the totality of the circumstances, individual facts "standing alone, might well be insufficient," but when such facts "accumulate," reasonable inferences can be drawn based on those facts' cumulative effect).   Krumm's totality of the circumstances analysis—in which he omits the plainly relevant facts described above—is therefore unpersuasive.

¶15    Finally, Krumm improperly minimizes the probative value of the results of his field sobriety tests. Krumm's totality of the circumstances analysis seemingly disregards his performance on these tests due to his assertion that Volz improperly administered the HGN test and miscounted impairment clues for the others. In Krumm's view, Volz could not have had the requisite degree of probable cause to request a PBT under the totality of the circumstances when omitting Krumm's "invalid" HGN test performance and considering his "passing" performance on the one-leg-stand and walk-and-turn tests.

¶16    In response, the State concedes that the HGN test was not administered as set forth by national standards. The State argues, however, that Krumm's HGN test results were nonetheless probative pursuant to our decision in *City of West Bend v. Wilkens*, 2005 WI App 36, 278 Wis. 2d 643, 693 N.W.2d 324—a case which Krumm again failed to address.

¶17    We agree with the State that, under *Wilkens*, Krumm's HGN test results are probative in the totality of the circumstances analysis notwithstanding that test's deficient administration. Wilkens argued the field sobriety tests he submitted to "were unreliable" and that the police officer's "observations of and conclusions … from Wilkens' performance on the tests should be excluded from the probable cause analysis." *Id.*, ¶12 (emphasis omitted). We disagreed, noting that field sobriety tests "are merely observational tools that law enforcement officers commonly use to assist them in discerning various indicia of intoxication, the perception of which is necessarily subjective." *Id.*, ¶1. Consequently, we held that "the procedures the officer employed go to the weight of the evidence, not its admissibility." *Id.*

7

¶18     We are not persuaded that the deficient administration of the HGN test in this case renders the test results so devoid of probative value that they cannot be considered within the totality of the circumstances analysis. As *Wilkens* clearly indicates, the deficient administration of an HGN test goes to the test results' weight and probative value within the totality of the circumstances analysis.

¶19     Here, the circuit court implicitly found Volz a credible witness when it denied Krumm's suppression motion. *See State v. Quarzenski*, 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844. The extent to which the court found that Krumm exhibited four out of six clues of impairment on the HGN test is rooted in Volz's credibility. We defer to the court's credibility finding in that regard because it is not clearly erroneous. *See id.* Moreover, even if we ignored Krumm's HGN test results, we have no difficulty in concluding that Volz obtained the required degree of probable cause to request a PBT when considering the remaining facts and circumstances for the reasons previously set forth.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* Wis. Stat. Rule 809.23(1)(b)4.

8