# COURT OF APPEALS
## DECISION
## DATED AND FILED

## June 8, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP135-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF257

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

QUINTON J. SMITH,

   DEFENDANT-APPELLANT.

APPEAL from judgments and an order of the circuit court for Racine County: MARK F. NIELSEN, Judge. *Affirmed.*

Before Neubauer, Grogan and Kornblum, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.  Quinton Smith appeals from judgments convicting him of multiple drug offenses on his no contest pleas and from an order rejecting his challenge to his sentence and his motion to withdraw his pleas due to ineffective assistance of trial counsel.  We affirm.

¶2    "To withdraw a plea after sentencing, a defendant must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in a manifest injustice."  *State v. Dillard*, 2014 WI 123, ¶36, 358 Wis. 2d 543, 859 N.W.2d 44.  A defendant may demonstrate manifest injustice by establishing that counsel was ineffective, i.e., that counsel's performance was deficient and that the deficient performance prejudiced the defendant.  *Id.*, ¶¶84-85.  Both deficient performance and prejudice present mixed questions of fact and law.  *State v. Jeannie M.P.*, 2005 WI App 183, ¶6, 286 Wis. 2d 721, 703 N.W.2d 694.  We will uphold the circuit court's factual findings unless they are clearly erroneous.  *Id.*  However, we review de novo whether counsel's performance was deficient or prejudicial.  *Id.*  In the absence of deficient performance, we need not consider whether trial counsel's performance was prejudicial.  *See State v. Mayo*, 2007 WI 78, ¶61, 301 Wis. 2d 642, 734 N.W.2d 115.

¶3    In evaluating counsel's performance, we are highly deferential to counsel's strategic decisions.  *State v. Balliette*, 2011 WI 79, ¶26, 336 Wis. 2d 358, 805 N.W.2d 334.  "A strategic trial decision rationally based on the facts and the law will not support a claim of ineffective assistance of counsel."  *State v. Elm*, 201 Wis. 2d 452, 464-65, 549 N.W.2d 471 (Ct. App. 1996).

¶4    We make a preliminary observation.  Smith's appellant's brief does not confront the circuit court's findings of fact at the postconviction motion hearing.  As stated above, we are bound by the circuit court's findings as long as

they are not clearly erroneous based on the record. We do not reweigh the evidence before the circuit court or reassess the credibility of the witnesses. *Dickman v. Vollmer*, 2007 WI App 141, ¶14, 303 Wis. 2d 241, 736 N.W.2d 202.

¶5 Smith sought to withdraw his no contest pleas because his trial counsel was ineffective. Smith alleged that trial counsel should have filed a motion to suppress drugs and weapons found in his home during the execution of a search warrant that was based on information provided by a confidential informant. Smith further alleged that trial counsel should have requested additional information about the confidential informant as part of an effective representation.

¶6 The circuit court held an evidentiary hearing on Smith's motion. The circuit court was the "ultimate arbiter of the credibility of the witnesses and the weight to be given to each witness's testimony." *State v. Peppertree Resort Villas, Inc.*, 2002 WI App 207, ¶19, 257 Wis. 2d 421, 651 N.W.2d 345 (citation omitted). To the extent the circuit court did not make explicit credibility findings, "we assume it made implicit findings on a witness's credibility" as it analyzed the evidence. *State v. Quarzenski*, 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844.

¶7 At the evidentiary hearing on Smith's postconviction motion, trial counsel testified that because Smith entered pleas before the case was set for trial, counsel's discovery requests, which included a request for information relating to the confidential informant, were not responded to by the State. Counsel was aware that Smith thought the affidavit in support of the search warrant application "was bogus" because the confidential informant reported observing powdered cocaine at a time when Smith only had hard (or crack) cocaine on the premises.

Counsel and Smith discussed challenging the search. Counsel was of the opinion that a challenge on this basis bore a significant risk because it would implicate Smith in a crime (possession of cocaine). Counsel believed that Smith agreed with a strategy to forego a motion to suppress. Had Smith insisted on a motion to suppress, counsel would have filed the motion along with a motion seeking more information about the confidential informant.

¶8    The circuit court found that counsel's decision not to file a motion to suppress was reasonable under the circumstances, and counsel reasonably understood that Smith agreed not to pursue such a motion. The court's findings are based on credibility determinations, and they are not clearly erroneous. We agree that counsel's strategic decision was based on the facts and the law, *see Elm*, 201 Wis. 2d at 464-65, and counsel did not perform deficiently.

¶9    Smith next alleged that his trial counsel had a conflict of interest because she represented Sheldon Higgenbottom, his co-defendant, at Higgenbottom's initial appearance. The circuit court did not expressly decide this issue, but the record supports the circuit court's rejection of it. At the postconviction motion hearing, counsel described the initial appearance as a time during which it is not possible to have a private, confidential conversation with a defendant because the conversation would be overheard. Counsel adhered to her practice and that of the State Public Defender to forego substantive discussions with Higgenbottom about his case, and she did not discuss the charges with Higgenbottom or any aspect of Smith's involvement in the case against Higgenbottom. The record before this court does not support the existence of an actual conflict of interest. *State v. Franklin*, 111 Wis. 2d 681, 686, 331 N.W.2d 633 (Ct. App. 1983). We agree that this ineffective assistance of trial counsel claim lacks merit.

¶10    Smith alleged that his trial counsel was ineffective when she guaranteed a sentence when she told him that the circuit court never adopted the State's recommendation and always imposed a lower sentence than the State recommended.  Counsel's guarantee led Smith to enter his no contest pleas, and he would not have done so had counsel not made this guarantee.  Counsel did not recall making any promises to Smith about the circuit court's forthcoming sentence.  The circuit court found that counsel did not make any such guarantee.  This finding is not clearly erroneous based on this record.  Smith did not establish the factual basis for this ineffective assistance of trial counsel claim.

¶11    We turn to Smith's challenge to his sentence as unduly harsh and disproportionate in relation to the sentence received by his co-defendant, Higgenbottom.  Smith received a sentence amounting to eight and one-half years of initial confinement and ten years of extended supervision plus one year in jail for a misdemeanor drug conviction; Higgenbottom received a ten-year sentence (five years of initial confinement and five years of extended supervision).  The circuit court rejected Smith's challenge without stating reasons for doing so.  Nevertheless, we conclude that the record supports rejecting the sentence challenge because Smith's sentence resulted from a proper exercise of sentencing discretion and was neither unduly harsh nor disproportionate.

¶12    At sentencing, the circuit court considered the maximum penalties available, the parties' recommendations, the presentence investigation report, the gravity of the offenses, and the need to protect the public.  The court noted Smith's history of criminal offenses, including prior drug offenses, and his admission to law enforcement officers that he sold drugs.  The court considered Smith's characteristics and personal history, including his drug use, his ability to be employed, his decision to engage in the drug trade to generate income, and his

previous failures on supervision. While Smith was prohibited from possessing a firearm, law enforcement found a loaded firearm at floor level and a large amount of ammunition in Smith's bedroom. The court deemed these discoveries particularly grave given the presence of young children in the residence.

¶13 We conclude that the circuit court engaged in a proper exercise of sentencing discretion after considering various sentencing factors. *State v. Gallion*, 2004 WI 42, ¶76, 270 Wis. 2d 535, 678 N.W.2d 197 (we review the sentence for a misuse of discretion); *State v. Ziegler*, 2006 WI App 49, ¶23, 289 Wis. 2d 594, 712 N.W.2d 76 (sentencing objectives and factors discussed). The weight of the sentencing factors was within the circuit court's discretion. *State v. Stenzel*, 2004 WI App 181, ¶16, 276 Wis. 2d 224, 688 N.W.2d 20.

¶14 We turn to Smith's claim that his sentence was unduly harsh. Smith's sentence did not exceed the statutory maximum for his multiple crimes of conviction. A sentence well within the limits of the maximum sentence is presumptively not unduly harsh or unconscionable. *State v. Grindemann*, 2002 WI App 106, ¶31, 255 Wis. 2d 632, 648 N.W.2d 507.

¶15 Finally, we consider whether Smith's sentence was disproportionate to his co-defendant's sentence. Smith's challenge ignores the facts upon which the circuit court relied to sentence each defendant. The transcript of Higgenbottom's sentencing accompanied Smith's postconviction motion. Higgenbottom was sentenced for four drug offenses. Among other considerations, the court considered his culpability, his prior criminal offense history which the court characterized as "not that extensive," and his character. Notably, the court did not make any finding, as it did with Smith, that Higgenbottom possessed a firearm and kept it in the same dangerous circumstances.

¶16 The disparity between the sentences imposed on Smith and Higgenbottom was warranted based upon the circuit court's consideration of the facts, sentencing factors and objectives in each case. We reject all of Smith's challenges to his sentence.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.