COURT OF APPEALS
DECISION
DATED AND FILED

October 29, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.    2023AP885-CR**

Cir. Ct. No. 2017CF38

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

ANDEN D. PATTERSON,

DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Langlade County: JOHN B. RHODE, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Anden Patterson appeals from a judgment convicting him of possession of methamphetamine. The sole issue on appeal is

whether the circuit court erred by denying Patterson's motion to suppress evidence recovered as a result of a pat-down search during a traffic stop. We conclude the pat-down search was supported by reasonable suspicion that Patterson was armed and posed a threat to the officer's safety. Accordingly, we affirm the judgment.

## BACKGROUND

¶2      The sole witness at the suppression hearing was State Trooper Thomas Aures. Based on Aures's testimony, the circuit court expressly made the following factual findings.

¶3      Aures stopped Patterson's vehicle for speeding, after which Aures approached the vehicle and asked Patterson to roll down his window. Patterson initially refused to roll down his window and spoke so quietly that Aures had difficulty hearing him. Patterson eventually rolled the window down partially.

¶4      Aures observed that Patterson appeared nervous and his behavior seemed evasive. It was Aures's belief that Patterson was either impaired or trying to hide something. After about fifteen minutes, Aures convinced Patterson to exit his vehicle.

¶5      When Patterson exited the vehicle, he kept his hands visible most of the time. Aures escorted Patterson to the back of the vehicle, where he conducted a pat-down search for weapons. During the search, Aures felt an object in Patterson's pocket that seemed to have a stem and a bowl, which Aures believed could be a drug pipe. Aures removed the object from Patterson's pocket and confirmed that it was the type of pipe commonly used to smoke methamphetamine. Aures continued the pat down and discovered two baggies containing methamphetamine and marijuana.

¶6      In addition to making these findings, the circuit court appears to have implicitly accepted all of Aures's testimony as credible.[1]  Given that Patterson provided no contrary evidence, we treat the following additional facts as established for the purposes of the suppression motion.  While Aures was questioning Patterson through the window, Aures thought Patterson "[j]ust didn't really seem with it and … seemed like he was in his own little world."  Patterson also initially failed to answer a number of Aures's questions and Aures had to ask him to repeat himself multiple times.  Due to what Aures viewed as Patterson's "evasive" and "strange" behavior and failure to cooperate, Aures "felt [his] safety was in jeopardy." [85:10, 13]

¶7      The circuit court concluded that Aures was justified in conducting a pat-down search of Patterson under these circumstances, and it denied the suppression motion. [87:8-9, 12] Patterson subsequently entered a no-contest plea, and he now appeals pursuant to WIS. STAT. § 971.31(10) (2021-22),[2] which creates an exception to the guilty-plea waiver rule. [86:8; 94]

## DISCUSSION

¶8      When reviewing a ruling on a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous.  WIS. STAT. § 805.17(2); *State v. Hindsley*, 2000 WI App 130, ¶22, 237 Wis. 2d 358, 614 N.W.2d 48.  However, we will independently determine whether the facts found by

---

[1]  "To the extent the circuit court's conclusions are rooted in the witnesses' credibility, we will accept those determinations.  If the court does not make express findings in that regard, we assume it made implicit findings on a witness's credibility when analyzing the evidence." *State v. Quarzenski*, 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844.

[2]  All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

the court satisfy applicable constitutional provisions. *Hindsley*, 237 Wis. 2d 358, ¶22.

¶9     Here, Patterson does not challenge the circuit court's factual findings or any of Aures's additional testimony. He argues that the established facts were insufficient to satisfy the legal standard for a lawful pat-down search.

¶10    Warrantless searches are per se unreasonable under the Fourth Amendment unless they fall within an exception to the warrant requirement. *State v. Artic*, 2010 WI 83, ¶29, 327 Wis. 2d 392, 786 N.W.2d 430. One such exception is for a pat-down search of a person's outer clothing to determine whether the person is carrying a weapon that would present a risk of physical harm. *Terry v. Ohio*, 392 U.S. 1, 24 (1968).

¶11    The legality of a protective search turns on whether the officer had an objectively reasonable basis to suspect that a person might be armed and dangerous. *State v. McGill*, 2000 WI 38, ¶¶19, 21-23, 234 Wis. 2d 560, 609 N.W.2d 795. The totality of circumstances that a court may consider in making that determination includes such factors as: an officer's subjective belief of danger; the person's failure to obey an officer's direction to keep hands in sight; whether the person's clothing is bulky enough to conceal a weapon; whether the person appears unusually nervous; the time of day at which the stop occurred; the isolation of the area in which the stop occurred; and whether the area is known for criminal activity. *State v. Kyles*, 2004 WI 15, ¶¶4-5, 17, 39, 50, 53, 56, 58, 62, 269 Wis. 2d 1, 675 N.W.2d 449.

¶12    Patterson points to the *absence* of several common factors that might support an inference that a person was armed and dangerous as weighing against a finding of reasonable suspicion here. For instance, Patterson did not attempt to flee

the traffic stop; the stop did not take place at night or in a high-crime area; Patterson was not wearing bulky clothing; Patterson did not conceal his hands or make any furtive gestures; Patterson did not behave aggressively; Aures did not detect the odor of alcohol or drugs; and there was no evidence that Patterson had any prior criminal convictions or outstanding warrants. While the absence of such factors may certainly be considered, there is no prerequisite that any specific factors be present in a given case for the totality of the circumstances to yield a reasonable suspicion that an individual might be armed. Moreover, Patterson discusses these factors missing individually, without comparing them against other factors that were present.

¶13 We conclude that the totality of the circumstances that *was* present here provided reasonable suspicion that Patterson might be armed and dangerous. In particular, Patterson's nervousness, his initial refusal to answer many of Aures's questions, and his failure to promptly comply with directions that he roll down his window and exit the vehicle are suggestive of attempting to hide contraband, which could include the unlawful possession of a weapon. Alternatively, Patterson's refusal to fully roll down the window, his evasiveness, his seeming to be "in his own little world," and his speaking in an abnormally low tone could be indicative of being impaired by drugs, which also raises the risk that he could be armed. Additionally, Aures's subjective fear for his safety supports the reasonableness of the pat-down search. Accordingly, while a close case, we affirm the circuit court's denial of the suppression motion under the totality of the circumstances.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.¶

5