COURT OF APPEALS
DECISION
DATED AND FILED

April 1, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP2120-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2011CF489

IN COURT OF APPEALS
DISTRICT IV

---

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

BRIAN D. FRAZIER,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Columbia County: ALAN J. WHITE and TODD J. HEPLER, Judges. *Affirmed*.

Before Fitzpatrick, P.J., Blanchard, and Graham, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Brian Frazier appeals a judgment of conviction and an order denying his postconviction motion for plea withdrawal based on ineffective assistance of trial counsel.   Frazier claims that his counsel was constitutionally ineffective in advising him to accept the State's offer and to enter pleas of no contest to charges of child sexual assault and intentional physical abuse of a child.   Frazier contends that counsel performed deficiently by advising Frazier that he did not have a viable motion to suppress his confession to police, and that Frazier was prejudiced because he relied on this advice in deciding to accept the plea offer that he would not have accepted if he had known that he had a viable suppression motion.   We conclude that Frazier has not shown that a manifest injustice would result from not allowing him to withdraw the pleas. More specifically, we assume without deciding that trial counsel performed deficiently, and conclude that the circuit court did not clearly err in implicitly finding that Frazier was not credible in briefly testifying at a ***Machner***[1] hearing that he was allegedly prejudiced.   Accordingly, we affirm the circuit court decision denying his postconviction motion.

## BACKGROUND

¶2    Frazier was charged with first-degree sexual assault of a child as sexual intercourse with a person under the age of twelve, in violation of WIS. STAT. § 948.02(1)(b) (2019-20), and physical abuse of a child, in violation of WIS. STAT. § 948.03(2)(b).[2]  The criminal complaint included the following allegations:

---

[1] ***State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.  Although the acts giving rise to the charged offenses date back to 2010-11, we cite to the most current versions of the pertinent statutes because neither party suggests that any material changes have been made since then.

2

a seven-year-old boy reported in December 2011 that Frazier had sexually assaulted the boy when he was six and that Frazier had physically assaulted him more recently; police then interrogated Frazier, who confessed to both offenses; police executed a search warrant and, after applying luminol to Frazier's bed, discovered a large circular area indicating the possible presence of blood, consistent with the boy's account that the sexual assault had occurred on Frazier's bed and that the boy had bled as a result of the sexual assault; a teacher at the boy's school said that the boy had a "sore on the inside of his mouth" and told the teacher that Frazier had "smacked him on the face" at around the time that the boy alleged that Frazier had physically assaulted him.

¶3    In addition to the two offenses initially charged, referenced above, the State filed an amended information that included a third offense: first-degree sexual assault as sexual contact with a person under thirteen years of age, in violation of WIS. STAT. § 948.02(1)(e).

¶4    Trial counsel did not file a motion to suppress evidence. Pursuant to a plea agreement, the State dismissed the initially charged child sexual assault (violation of WIS. STAT. § 948.02(1)(b)) and Frazier entered pleas of no contest to the newly added sexual assault in violation of § 948.02(1)(e) and the initial charge of physical abuse of a child (violation of WIS. STAT. § 948.03(2)(b)).[3]

---

[3] The Honorable Alan J. White accepted Frazier's pleas, entered the judgment of conviction, and denied both Frazier's initial postconviction motion based on a challenge under the standards articulated in *State v. Bangert*, 131 Wis. 2d 246, 389 N.W.2d 12 (1986), and Frazier's second postconviction motion for plea withdrawal based on ineffective assistance of trial counsel related to failure to advise Frazier to pursue suppression of his confession. After appellate reversal of the decision to deny the second postconviction motion, on remand the Honorable Todd J. Hepler entered the order denying the second postconviction motion that Frazier now appeals in this direct appeal under WIS. STAT. § 809.30.

¶5      Represented by appointed counsel different than trial counsel, Attorney Tristan Breedlove, Frazier filed a postconviction motion to withdraw his pleas in September 2014.  Frazier argued that his pleas were not knowing, intelligent, and voluntary because the circuit court at the plea hearing had failed to ascertain Frazier's understanding of the elements of first-degree sexual assault by sexual contact and at the time of the plea Frazier did not understand the legal definition of sexual contact ("the *Bangert* issue").  *See State v. Bangert*, 131 Wis. 2d 246, 274-75, 389 N.W.2d 12 (1986) (if a defendant seeking plea withdrawal can identify a plea colloquy deficiency and alleges that he or she did not know or understand the information that should have been provided in the colloquy, the burden shifts to the State to show by clear and convincing evidence that the defendant's plea was made knowingly, intelligently, and voluntarily).

¶6      In October 2014, Attorney Andrew Hinkel substituted for Attorney Breedlove as Frazier's postconviction counsel, and Attorney Hinkel continued to pursue the *Bangert* issue on Frazier's behalf.

¶7      The circuit court held an evidentiary hearing on the *Bangert* issue in February 2015.  After the hearing, the court concluded that Frazier had understood the meaning of sexual contact at the time of the plea and on that basis the court denied the postconviction motion in May 2015.

¶8      Shortly thereafter, Attorney Hinkel filed a notice of appeal on Frazier's behalf, stating that he would be submitting a no-merit report.[4]  However,

---

[4] *See* WIS. STAT. § 809.32 (setting forth no-merit procedure:  appointed counsel examines the record for potential appellate issues of arguable merit; the defendant has the opportunity to respond to the no-merit report and raise additional issues; and the appellate court examines the no-merit report and also conducts its own scrutiny of the record to see if there are

(continued)

the no-merit appeal process was interrupted in July 2016, when Attorney Hinkel moved this court to dismiss it and to reinstate the timeline for a direct appeal under WIS. STAT. § 809.30. Attorney Hinkel explained that he had identified a non-frivolous issue to pursue, different from the **Bangert** issue: that trial counsel had provided ineffective assistance by advising Frazier that a motion to suppress his confession was not viable. In October 2016, this court granted Attorney Hinkel's motion on Frazier's behalf to dismiss the no-merit appeal and extended the time to file a supplemental postconviction motion.

¶9    In November 2016, Frazier was appointed new counsel, who remains his counsel to date. In February 2017, Frazier pursued a supplemental postconviction motion raising ineffective assistance of trial counsel. The motion contended that trial counsel was ineffective in failing to advise Frazier to pursue a motion to suppress his confession, and that Frazier was entitled to an evidentiary hearing at which he would prove that he was entitled to withdraw his pleas based on ineffective assistance. More specifically regarding the ineffective assistance claim, Frazier contended that, at the time of his confession, he was in custody and had not been advised of his **Miranda**[5] rights and that for this reason a suppression motion would have had merit. *See **State v. Lonkoski***, 2013 WI 30, ¶23, 346 Wis. 2d 523, 828 N.W.2d 552 (law enforcement may not subject a person to a custodial interrogation until that person is given **Miranda** warnings; incriminating statements obtained in violation of **Miranda** must be suppressed).

---

any potential appellate issues with arguable merit and then addresses in a decision the potential appellate issues and explains, if appropriate, why each has no arguable merit).

[5]   *See **Miranda v. Arizona***, 384 U.S. 436 (1966).

5

¶10     The circuit court denied the motion on the *Miranda* issue without holding a hearing in June 2017. The court concluded that Frazier was not in custody at the time of the confession. On appeal, we reversed the circuit court order. *State v. Frazier*, No. 2017AP1249-CR, unpublished slip op. (WI App Aug. 2, 2018). We concluded that Frazier was in custody when he confessed. We further concluded that the State had not disputed that, if Frazier was in custody when he gave his confession, trial counsel performed deficiently in connection with Frazier's decision to enter a plea. Based on this, we determined that remand was necessary for the circuit court to hold a hearing limited to the issue of whether Frazier was prejudiced by his counsel's deficient performance. *Id.*, ¶¶26-36.

¶11     Our supreme court accepted the State's petition for review and summarily vacated our decision, remanding to the circuit court for a hearing on both prongs of Frazier's ineffective assistance of counsel claim. On remand, the circuit court held a *Machner* hearing in May 2019, at which Frazier, his trial counsel, and Attorney Hinkel testified.

¶12     Frazier testified at the *Machner* hearing that he discussed the suppression issue with trial counsel before he accepted the plea deal and entered his pleas. The following is the entirety of his testimony about his pre-plea consideration of this issue:

> Q. Did [trial counsel] advise you that you could not suppress that statement?
>
> A. Yes.
>
> Q. At that time, did you believe that [trial counsel] was correct in that issue?
>
> A. Yeah, I do.
>
> Q. Was that one of the reasons why you entered your plea?

A. Yes.

Q. If you could have—if you had known that a suppression motion could have been—a viable suppression motion could have been filed to suppress your confession, would you have made—entered into that plea deal with the State of Wisconsin?

A. I would not.

Q. Would you have gone to trial at that point?

A. Yes.

¶13 Frazier's trial counsel testified to the following. He considered whether there was a basis for the circuit court to suppress Frazier's confession, and concluded that there was no viable motion to be pursued, based on his review of the police interrogation. Counsel explained to Frazier, before Frazier accepted the plea offer, counsel's conclusion that there was no basis for suppression because Frazier was not in custody at the time he made his confession. Frazier wanted to seek suppression. If counsel had believed that there was a viable suppression issue he would have encouraged Frazier to pursue it. The State's plea offer was not conditioned on Frazier not filing a suppression motion, and counsel believed that filing a motion would not interfere with the substance of plea discussions.

¶14 Following the *Machner* hearing, the circuit court ruled in October 2019 that Frazier's counsel was not ineffective and denied Frazier's motion to withdraw his plea. We discuss aspects of that decision in our discussion below. Frazier appeals.

## DISCUSSION

¶15 Frazier argues that his trial counsel performed deficiently by advising him that he did not have a viable suppression motion before he accepted the State's plea offer because at the time of the confession he was in custody and

had not been advised of his *Miranda* rights. Frazier further argues that he was prejudiced by counsel's erroneous advice because, had he known that he had a viable suppression motion, he would not have accepted the plea offer, but instead would have pursued suppression and then proceeded to trial without having to contend with the confession as incriminating evidence.

¶16 The State responds with a series of arguments, but we address only one because we conclude that it is dispositive. This is the argument that Frazier did not show that he was prejudiced by trial counsel's failure to give him constitutionally effective advice regarding a potential suppression motion and whether to take the plea offer. Assuming without deciding that trial counsel was deficient in failing to advise Frazier that he had a viable suppression motion, we conclude that the circuit court implicitly found that Frazier did not credibly testify that he would not have accepted the plea offer from the State if trial counsel had properly advised him on these issues. We further conclude that this implicit finding was not clearly erroneous. For these reasons, Frazier failed to show a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have taken the case to trial.

¶17 We now provide the overarching plea withdrawal and ineffective assistance of counsel standards, and then address the pertinent arguments of the parties.

## I. PRIMARY LEGAL STANDARDS

¶18 A defendant seeking plea withdrawal after sentencing, as here, "must show by clear and convincing evidence that a refusal to allow withdrawal of the plea would result in manifest injustice." *See State v. Dillard*, 2014 WI 123, ¶83, 358 Wis. 2d 543, 859 N.W.2d 44. "[T]he 'manifest injustice' test is met if the

defendant was denied the effective assistance of counsel." ***State v. Bentley***, 201 Wis. 2d 303, 311, 548 N.W.2d 50 (1996).

¶19    When a motion for plea withdrawal is premised on a claim of ineffective assistance of counsel, the defendant must prove both that counsel's performance was deficient and that the defendant was prejudiced by the deficient performance. ***Strickland v. Washington***, 466 U.S. 668, 687 (1984).  We need not address the required deficiency standard.  In this context, to establish that he or she was prejudiced by counsel's deficient performance, a defendant must show that "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985); *see also* ***Strickland***, 466 U.S. at 694 ("The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). "A reasonable probability is a probability sufficient to undermine confidence in [that] outcome." ***Strickland***, 466 U.S. at 694.

¶20    Both components of an ineffective assistance of counsel claim present mixed issues of fact and law. ***Id.*** at 698.  We uphold the circuit court's factual findings "'concerning circumstances of the case and counsel's conduct and strategy'" unless those findings are clearly erroneous. ***State v. Silva***, 2003 WI App 191, ¶16, 266 Wis. 2d 906, 670 N.W.2d 385 (quoted source omitted).  However, whether counsel's performance was deficient or prejudicial are each questions of law that we review de novo. ***State v. Pitsch***, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985).

## II.     ASSUMING THAT TRIAL COUNSEL WAS DEFICIENT, FRAZIER FAILS TO SHOW PREJUDICE

¶21     One of the State's arguments is that, even if trial counsel was deficient in advising Frazier on the suppression issue, Frazier fails to show prejudice. This is because, the State argues, in its written decision the circuit court implicitly found that Frazier did not credibly testify at the ***Machner*** hearing that he would have accepted the plea offer even if counsel had accurately informed him that he had a viable suppression motion, and the circuit court's implicit finding was not clearly erroneous. For reasons we now explain, we assume without deciding that counsel was deficient and agree with this argument by the State.

¶22     We first address pertinent aspects of the circuit court's decision following the ***Machner*** hearing and then explain why we conclude that the court's implicit finding that Frazier's testimony was not credible is not clearly erroneous, addressing Frazier's arguments to the contrary.

¶23     In its decision, the circuit court credited the testimony of trial counsel that he considered the potential for a suppression motion, that he decided that such a motion would lack merit, and that for this reason he advised Frazier against moving to suppress. None of those facts are now disputed by the parties.

¶24     Not explicitly provided in the circuit court's decision was a finding on a critical question: Was Frazier credible in testifying at the ***Machner*** hearing that, if he had known before entering his pleas that he had a viable suppression motion, he would have declined the plea offer and insisted on a trial? This question is critical because, as we have already indicated, Frazier cannot carry his burden of showing prejudice unless he can show that, properly advised on the

10

suppression issue, he would have insisted on a trial, *see Hill*, 474 U.S. at 59, and we affirm circuit court credibility determinations regarding ineffective assistance of counsel issues unless the determinations are clearly erroneous, *see State v. Domke*, 2011 WI 95, ¶58, 337 Wis. 2d 268, 805 N.W.2d 364.  Despite the absence of an explicit finding regarding Frazier's credibility on this topic, for reasons that we now explain we agree with the State that the circuit court made an implicit finding that Frazier was not credible and conclude that this finding was not clearly erroneous.

¶25     In the first of two pertinent references in its decision, the circuit court at a minimum conveyed skepticism about Frazier's testimony in the following way.  The court noted Frazier's testimony—that he would not have accepted the plea offer if he had been aware that he had a viable suppression issue—and then immediately and in the same paragraph commented that the State could have presented at trial incriminating evidence separate from the confession. This suggested the view that Frazier's *Machner* hearing testimony failed to acknowledge, much less properly account for, the obvious risk of the State prevailing at trial even if it lacked the benefit of being able to offer the confession as evidence.

¶26     Second, and more substantially, the court made the following statement toward the end of the opinion:

> A knowing, voluntary and intelligent decision was made by Frazier to accept the State's offer and plead to lesser charges, rather than risk going to trial, even if the confession were suppressed.

While perhaps expressed in an unclear manner, we construe this to represent a finding that Frazier was not credible when he testified that he would not have

accepted the plea offer if he had understood that he had a viable suppression motion.

¶27    After the State argues that these references represent an implicit finding that Frazier was not credible on this point, Frazier appears to concede that the court made this implicit finding, but challenges the finding as clearly erroneous because it was based on "faulty logic" and "an illusionary fact." The faulty or illusory premise, according to Frazier, was the court's purported assumption "that Frazier knew that his confession could have been suppressed before he entered his plea." This argument is not tenable, given the history of the case and the entire contents of the court's decision following the *Machner* hearing. It is entirely implausible that the circuit court missed the fundamental, uncontested fact that Frazier did not know at the time of his plea that he had what we now assume was a viable suppression motion.

¶28    The following further supports our determination that the court implicitly found Frazier incredible on this topic. We generally assume that a circuit court made implicit factual findings supporting its decision regarding the credibility of witnesses who provide testimony contrary to the court's decision. *See State v. Echols*, 175 Wis. 2d 653, 672-73, 499 N.W.2d 631 (1993); *see also State v. Quarzenski*, 2007 WI App 212, ¶19, 305 Wis. 2d 525, 739 N.W.2d 844 ("To the extent the circuit court's conclusions are rooted in the witnesses' credibility, we will accept those determinations" and if the circuit court fails to make "express" credibility findings, we assume that the court "made implicit findings on a witness's credibility when analyzing the evidence.").

¶29    Yet another problem with Frazier's position on this critical issue is the sparse, entirely conclusory nature of Frazier's testimony. As quoted above,

12

Frazier testified only "I would not," in response to the single question as to whether he would have accepted the plea offer if he had known he had a viable suppression motion, and then answered "yes," when asked if he "[w]ould … have gone to trial at that point."[6] Frazier failed to describe a single factor that was on his mind at the time he was deciding whether to accept the plea offer that weighed in favor of going to trial, or of a single factor that weighed against accepting the plea offer. This gave the circuit court the thinnest of grounds to credit his testimony.[7] The scant nature of Frazier testimony provides further support for our conclusion that the court made the implicit finding that Frazier's flat assertions were not credible. The circuit court said little on this topic, but that appears to have been due at least in part to the fact that Frazier himself said absolutely nothing in his testimony about *why* he would have passed on the plea offer and taken his chances at trial if he had known that he had a viable motion to suppress the confession.[8]

---

[6] Regarding this "gone to trial at that point" concept, Frazier argues exclusively that he was prejudiced by trial counsel's deficient performance because Frazier would have gone to trial if he had been aware, before he entered his pleas, that he had a viable suppression motion. He did not present the circuit court with evidence to support a position that, had he known before entering the pleas that he had a viable suppression motion, he would have pursued a suppression motion to a court ruling, and then evaluated his plea versus trial options, depending on the result of the suppression proceedings and a possibly weakened evidentiary position for the State. Nor does Frazier now on appeal suggest any argument along these lines. It is possible that the analysis would be more complicated if Frazier had testified to some variation on that scenario, but it does not matter, because the analysis here addresses the only argument Frazier has made in the circuit court and in this appeal.

[7] We need not address the State's standalone arguments that we should affirm based on the conclusory nature of the testimony alone and that we should conclude that "no reasonable defendant would have rejected the State's plea offer and opted to go to trial on these charges simply if the confession had been suppressed."

[8] We ignore one apparent finding made by the circuit court for which we can find no support in the record. The court suggested in its decision that the State's plea offer was contingent on Frazier not filing a suppression motion. No one at the *Machner* hearing testified

(continued)

13

¶30 Frazier now asserts that his "confession was a major, if not the primary, piece of evidence against Frazier," and that the "obvious take away from Frazier's testimony is that there was a confession that would have doomed Frazier's chances at trial and that Frazier did not know that he could suppress it." But Frazier never testified about his view on any "obvious take away," including the one he now asserts on appeal, and the circuit court was left with unsupported assertions, which it did not credit.

¶31 It is sufficient to resolve this appeal that the circuit court implicitly found that Frazier was not credible on this topic and that this finding was not clearly erroneous. However, we also note that trial counsel's testimony at the *Machner* hearing was largely limited to explaining aspects of counsel's decision-making narrowly focused on the potential suppression issue. That is, like Frazier, trial counsel did not testify about how the two of them discussed Frazier's options leading up to the pleas, regarding the strengths and weaknesses of the available incriminating or exculpatory evidence (including the confession), available defenses, and the inducements in the State's plea offer.[9]

that there was any contingency attached to the offer, and Frazier's trial counsel testified that there was no contingency of the type referred to by the circuit court. Frazier now makes a brief argument challenging this particular finding as speculative, but he does not develop an argument that, even if this particular finding was clearly erroneous, this supports Frazier's prejudice argument in some manner.

[9] Frazier's position regarding the significance of the strength of the State's case rests on an unstated but inaccurate premise. The unstated premise is that he has requested plea withdrawal based on a *Bangert* challenge related to a plea defect, when his actual request is for plea withdrawal based on ineffective assistance of trial counsel not related to a plea defect. Frazier is correct in observing that a defendant who prevails on a *Bangert* motion and establishes a denial of a relevant constitutional right in the course of a plea hearing is entitled to plea withdrawal as "a matter of right." *State v. Van Camp*, 213 Wis. 2d 131, 139, 569 N.W.2d 577 (1997) (citing *Bangert*, 131 Wis. 2d at 283). However in contrast, as our supreme court has explained, in a case such as this we apply the standards that we cite above, under which Frazier carries the burden of showing that withdrawal of his plea is required to avoid manifest injustice

(continued)

¶32 Frazier contends that there is no "requirement" that he "needed" to testify at the *Machner* hearing "about the relative merits of the State's evidence against him or how he evaluated his options." This contention is academic at best, given the fact that there *is* a requirement that he must affirmatively prove prejudice and that he bears the burden to show that the circuit court's findings of fact were clearly erroneous.

¶33 Thus, for example, entirely missing from Frazier's *Machner* hearing testimony was any accounting for how, at the time he was deciding whether to accept the plea offer, he viewed the fact that the offer would allow him to avoid the risk of a conviction that carries a mandatory minimum sentence of 25 years of initial confinement, as a consequence of the State dropping the initially filed child sexual assault charge under WIS. STAT. § 948.02(1)(b). *See* WIS. STAT. § 939.616(1r) (court "shall impose" prison confinement of 25 years following a conviction for a violation of § 948.02(1)(b)). Further, both § 948.02(1)(b) and § 948.02(1)(e) are defined as Class B felonies, with maximum sentences of 60 years, and thus his maximum exposure was reduced substantially. *See* WIS. STAT. § 939.50(3)(b) (60 year maximum for Class B felony).[10]

---

based on his proving both prongs of the ineffective assistance test. *See State v. Cain*, 2012 WI 68, ¶¶21, 32 n.8, 342 Wis. 2d 1, 816 N.W.2d 177. Put differently, the principle stated in *Van Camp*—that when a defendant "has established a denial of his constitutional rights, the trial court should not consider whether the outcome of a case will likely change," *Van Camp*, 213 Wis. 2d at 153—does not change the rule that a defendant claiming ineffective assistance of counsel must show the probability of a different outcome. Therefore, Frazier is wrong when he argues that the strength of the State's case absent the confession is not relevant to the analysis of whether Frazier has shown prejudice.

[10] To clarify, it may be debatable from an objective viewpoint whether the fact that the State was offering to reduce the potential additional maximum exposure and to drop an additional child sexual assault charge could reasonably have been significant to Frazier, given the remaining child sexual assault charge and remaining very long maximum exposure. However, there can be

(continued)

¶34 In a similar vein, Frazier failed to testify about how he viewed the facts that, at trial, the State would successfully have been able to offer as evidence the recording of the alleged victim's incriminating statement under WIS. STAT. § 908.08; the physical evidence in the form of the alleged bloodstain; and, regarding the alleged physical abuse, the testimony of the teacher. Frazier does not attempt to argue, nor could he, that without the confession as evidence the State did not have evidence that a jury could have relied on to find him guilty beyond a reasonable doubt on all elements of the charged crimes. In sum, in assessing the veracity of Frazier's completely unexplained assertion that he would have gone to trial if he had been aware of a viable suppression motion, the circuit court was entitled to consider as context the obvious incentives for Frazier to accept a plea offer that eliminated the risk of conviction on the evidence available to the State and a mandatory minimum 25-year sentence, and the fact that Frazier's testimony failed to account for that substantial inducement.

## CONCLUSION

¶35 For all these reasons, we conclude that Frazier failed to show prejudice resulting from that assumed deficient advice and therefore he has not established ineffective assistance of trial counsel.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

no question that it should have been a substantial inducement to Frazier to no longer face potential conviction on a charge with a mandatory minimum sentence of 25 years.